UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC., <br><br> Plaintiff, <br><br> v. <br><br> MCKESSON CORPORATION, <br><br> Defendant. | Case No.  13-cv-02219-JST <br><br> **ORDER GRANTING LEAVE TO AMEND COMPLAINT TO ADD MCLAUGHLIN AS A CLASS REPRESENTATIVE** <br><br> Re: ECF No. 69 |

In this putative class action for violations of the Junk Fax Prevention Act ("JFPA"), Plaintiff True Health Chiropractic, Inc. moves for leave to amend its complaint to elevate a putative class member to class representative status.[1] Defendant McKesson Corporation opposes the motion. For the reasons set forth below, the motion is GRANTED.

## I.   BACKGROUND

On May 15, 2013, Plaintiff filed a putative class action under the JFPA against McKesson. ECF No. 1 at 1-2. Plaintiff defined the putative class as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) did not display a proper opt-out notice.

Id. at 4. The current class representative, True Health, allegedly received a "Back to Black" fax

---

[1] Because the Court finds the issue of amendment of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 15 dispositive, it does not address Plaintiff's alternate requests under Rules 20(a) and 24(b). See ECF No. 69 at 7-8.

on April 20, 2010 without having first given its permission or invitation, and in alleged violation of the JFPA. Id. at 3. Plaintiff now asks leave to amend its complaint to add McLaughlin Chiropractic Associates, Inc. as an additional class representative. ECF No. 69 at 3-6. Plaintiff alleges that McLaughlin received three faxes in violation of the JFPA: the "Back to Black" fax on May 11, 2010 and two other faxes in February 2010. ECF No. 69, Ex. 1 at 1-3.

McKesson opposes amendment on the grounds that it would be futile because the four-year statute of limitations has run as to two of McLaughlin's claims—those arising from the February 2010 faxes. Defendant also argues that the "relation back" doctrine does not apply to bring McLaughlin's claims within the statute of limitations, because relation back would prejudice McKesson, and True Health's and McLaughlin's claims do not share an identity of interests. Lastly, McKesson argues that True Health's motion for leave to amend was filed in bad faith, and that True Health delayed unduly before filing it.

## II.    LEGAL STANDARD

### A.    Leave To Amend

Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to amend] when justice so requires." The court considers four factors in deciding a motion to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Of the four factors, "prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, 833 F.2d at 187. Generally, a court must make the determination of whether to grant leave indulging "all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

### B.    Relation Back

In certain circumstances, an amendment that adds otherwise time-barred claims "relates

2

back" to the initial filing of the complaint. Rule 15(c)(1) provides, in relevant part:

> An amendment to a pleading relates back to the date of the original pleading when . . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or
>
> (C) the amendment changes the party[2] or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

When the amendment proposes to add a new plaintiff, relation back is proper only when: "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff." In re Syntex Corp. Sec. Litig., 95 F.3d 922, 935 (9th Cir. 1995) (citing Besig v. Dolphin Boating & Swimming Club, 683 F.2d 1271, 1278-79 (9th Cir. 1982)).

### III. ANALYSIS

#### A. **Relation Back**

Because Defendant claims that amendment would be futile since McLaughlin's claims are time-barred, the Court must first decide whether McLaughlin's claims would relate back if amendment is permitted. Applying the Syntex factors to the present motion, it is clear that McLaughlin's claims relate back to the filing of the original complaint.

First, True Health's original complaint gave adequate notice to McKesson regarding

---

[2] "While Rule 15(c) speaks only of a change in defendants, it applies by analogy to the substitution of plaintiffs." Raynor Bros. v. Am. Cyanimid Co., 695 F.2d 382, 384 (9th Cir. 1982).

3

1    McLaughlin's claims because those claims are encompassed within the scope of the original
2    complaint.  Like True Health, McLaughlin allegedly received faxed advertisements during the
3    timeframe identified in the original complaint without prior permission or invitation, an opt-out
4    notice, or a pre-existing business relationship.  Indeed, the proposed Second Amended Class
5    Action Complaint's proposed class is identical to the operative complaint's proposed class
6    definition.  See ECF No. 69, Ex. 1 (¶21).  A defendant has received adequate notice if the
7    definition of the putative class includes the proposed class representative or the new class
8    representative's claims are based upon the same or substantially similar underlying conduct.  See
9    Immigrant Assistance Project, 306 F.3d at 857-58 (approving amendment to elevate putative class
10   members to class representative status where the putative class members fell within original
11   complaint's definition of the class); In re Glacier Bay, 746 F. Supp. 1379, 1390-91 (D. Alaska
12   1990) (original class complaints "put defendants on notice that all those involved in the fishing
13   industry" in affected area were potential plaintiffs); In re Network Assocs., Inc. II Sec. Litig., Case
14   No. C-00-CV-4849, 2003 WL 24051280 (N.D. Cal. Mar. 25, 2003) (allegations of new class
15   members related to same allegations of fraudulent accounting practices such that "new class
16   members share sufficiently similar interests with the original class members to allow relation
17   back").

18          Second, McKesson has not succeeded in demonstrating prejudice.  Because the relief
19   McLaughlin seeks is the same as that sought by True Health, McKesson will not be required to
20   change its litigation strategy or conduct.  See Besig, 683 F.2d at 1278 (holding that where "the
21   relief sought in the amended complaint is identical to that demanded originally . . . the defendant
22   is not prejudiced because his response to the action requires no revision"); Immigrant Assistance
23   Project of L.A. Cnty. Fed'n of Labor (AFL-CIO) v. Immigration & Naturalization Serv., 306 F.3d
24   842, 858 (9th Cir. 2002) (concluding the existing class representative and putative class members
25   shared an identity of interests such that putative class members could be named class
26   representatives by amendment, and that amendment would not prejudice the defendant); Raynor
27   Bros., 695 F.2d at 384 (explaining that when new and former plaintiffs "have sufficient identity of
28   interests, relation back of the amendment is not prejudicial to the defendant.").  Adding a new

4

plaintiff who is similarly situated to the original plaintiff does not cause McKesson any prejudice except that it incurs the potential for increased liability, In re Glacier Bay, 746 F. Supp. at 1391, but "[i]ncreased liability is not sufficient prejudice to deny the relation back of such plaintiffs." Id.

McKesson rests much of its claim of prejudice on the fact that True Health's motion comes after the deadline for the amendment of pleadings contained in the Court's scheduling order. Although McKesson correctly notes that order's statement that "[t]he Court does not anticipate further amendment of the pleadings," ECF No. 70 at 2 (quoting ECF No. 66 at 1), the fact is that the parties (including McKesson) both earlier agreed that True Health could have until June 30, 2014 to amend its pleadings, ECF No. 45 at 4. Although the Court unilaterally declined to adopt the parties' suggested deadline, the fact remains that just a few months ago, McKesson affirmatively anticipated that True Health might amend its complaint – and True Health has now attempted to do so almost two months earlier than McKesson would have allowed.

Finally, there is identity of interests between True Health and McLaughlin. Identity of interests exists when "[t]he circumstances giving rise to the claim remained the same as under the original complaint." Raynor, 695 F.2d at 385; Immigrant Assistance, 306 F.3d at 858 (existing class representative and putative class members shared an identity of interests). As previously stated, both True Health and McLaughlin are members of the proposed class and their interests in prosecuting the case are the same. That McLaughlin may have received two additional faxes that True Health did not receive does not change this analysis.

### B. Undue Delay and Bad Faith

Having concluded that amendment would not be futile, the court also concludes that neither bad faith nor undue delay prevents the court from granting leave to amend.

On the issue of bad faith, McKesson speculates that True Health's real motive is to sabotage the parties' mediation. McKesson offers no support for this assertion, which the court finds improbable.[3] It seems more likely that True Health sought leave to amend for the reason it

---

[3] If either party believes that mediation would not be productive until the pleadings have been

1  states in its briefs – to address McKesson's "narrow conceptualization of the putative class."  See
2  ECF No. 69 at 6-7.
3        Defendant also has not met its burden to show that Plaintiff unduly delayed its motion for
4  leave to amend its complaint.  This case is still within the discovery phase, Plaintiff sought leave
5  to amend well within Defendant's proposed deadline for amendments, and there is no reason why
6  the proposed amendment would disturb the class certification or other deadlines in the case.
7  Moreover, Plaintiff alleges that it sought this amendment at this time because only now has it
8  become clear that Defendant will not respond to discovery requests regarding faxes sent during the
9  class period.  See ECF Nos. 69 at 6-7; 71 at 6-8.  Without passing on the merits of the underlying
10  discovery dispute, the court finds the justification sufficient.  Moreover, even if the Court were to
11  find that the Plaintiff engaged in undue delay, "delay alone is not sufficient to justify the denial of
12  a motion requesting leave to amend."  DCD Programs, 833 F.2d at 187.

### CONCLUSION

For the foregoing reasons, True Health's motion for leave to amend its complaint to add McLaughlin as a class representative is hereby GRANTED.[4]

**IT IS SO ORDERED.**

Dated: June 23, 2014

_____
JON S. TIGAR
United States District Judge

---

settled, it can petition the court to move the mediation deadline.

[4] Because the Court concludes that McLaughlin's claims relate back to the filing of the original complaint, it need not address whether tolling is available under American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), as True Health argues in its reply brief.  See ECF No. 71 at 2-6.