**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRUE HEALTH CHIROPRACTIC,          No. C-13-02219-JST (DMR)

    Plaintiff(s),                 **ORDER RE: JOINT DISCOVERY LETTERS [DOCKET NOS. 79, 110, 111]**

    v.

MCKESSON CORPORATION,

    Defendant(s).
_____/

       This putative class action brought under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), challenges Defendants' alleged practice of sending unsolicited facsimile advertisements, or so-called "junk faxes." Before the court are three joint discovery letters. [Docket Nos. 79, 110, 111.] The court held a hearing on these disputes on November 13, 2014. This order summarizes the rulings made during that hearing.

### I. DOCKET NO. 79

       In Docket No. 79, Plaintiffs move to compel Defendants to produce all fax advertisements that did not include an opt-out notice that Defendants sent during the class period.[1]

---

[1] At the hearing, Plaintiffs' counsel clarified that Plaintiffs sought only exemplars of each unique ad, not copies of every single ad sent to a recipient.

1  Defendants contend that Plaintiffs' request is overbroad, irrelevant, and unduly burdensome,
2  because the advertisements are not relevant to the question of class certification and are therefore
3  outside the scope of precertification discovery.  The court notes that the presiding judge in this
4  matter, the Honorable Jon S. Tigar, has not ruled on whether discovery should be bifurcated between
5  class certification and merits discovery.  As this court noted at the hearing, the line between "class
6  certification discovery" on the one hand, and "pure merits" discovery on the other, can be difficult to
7  discern.  In any event, the requested discovery is relevant to the class certification issue, specifically
8  to the issues of typicality and commonality.  Furthermore, although Defendants argue that the
9  production would be burdensome, they fail to articulate the nature and extent of the claimed burden.

10  Accordingly, Plaintiffs' motion to compel is **granted**, and Defendants must produce
11  exemplars of all unique fax ads without opt-out notices sent by Defendants during the class period.
12  The production shall not be limited to those ads received by the two named Plaintiffs.  However, as
13  discussed at the hearing, the discovery request propounded by Plaintiffs is too broadly worded, and
14  could capture documents well beyond the "fax advertisements without opt-out notices" that are the
15  subject of this case.  The parties shall have a detailed and specific meet and confer session so that
16  they can identify the types of documents that fall within the scope of this case, and those that are
17  outside that scope.  If the parties are unable to reach agreement, they shall file a joint discovery letter
18  following this court's procedures, *see* Docket No. 102, by **November 20, 2014**.

### II.  DOCKET NO. 110

20  In Docket No. 110, Plaintiffs move to compel documents showing that the recipients of fax
21  advertisements sent by Defendants had given Defendants prior express permission to send those
22  faxes.

23  Defendants object that Plaintiffs' discovery request seeks confidential and proprietary
24  customer lists.  However, Defendants offer no argument for why the parties' stipulated protective
25  order, *see* Docket No. 57, would be inadequate to protect their confidential information; indeed, the
26  court finds that the parties' protective order offers sufficient protection to meet Defendants' concern.

27  Defendants also argue that the requested documents are not relevant to the issue of class
28  certification.  Plaintiffs contend, and the court agrees, that evidence that sheds light on the question

2

of whether the permission defense is an individualized inquiry or a generalized argument is relevant to the class certification issues of typicality, commonality and predominance.

Thus, the court **grants** Plaintiffs' motion to compel Defendants to produce documents relating to the permission defense. However, the court echoes Defendants' concern that Plaintiffs' request as currently written will be burdensome. Accordingly, the parties shall meet and confer regarding a more efficient way for Plaintiffs to discover information about Defendants' permission defense. For example, if Defendants contend that a customer's software registration constitutes that customer's express permission to receive fax ads, Defendants could produce an example of one customer's software registration, and explain in an interrogatory response which recipients allegedly granted Defendants permission to send fax ads by completing similar software registrations. If the parties cannot agree on a more streamlined way for Defendants to produce the discovery sought by Plaintiff without judicial intervention, they shall file a joint discovery letter on the dispute by **November 20, 2014.**

### III.  DOCKET NO. 111

In Docket No. 111, Plaintiffs move to compel the production of documents containing information about recipients of the fax ads sent by Defendants during the class period, including their identities and fax numbers, and the dates and times they received transmissions.[2] As discussed at the hearing, the court finds this information to be relevant to class certification issues, and further finds that Defendants' concerns about the recipients' confidential information are adequately addressed by the parties' protective order. Accordingly, Plaintiffs' motion to compel is **granted**. The universe of recipients shall be bounded by the group of "fax advertisements" identified through the parties' meet and confer process outlined above regarding the ruling on Docket No. 79.

IT IS SO ORDERED.

Dated:  November 14, 2014

DONNA M. RYU
United States Magistrate Judge

---

[2] Another group of discovery requests discussed in Docket No. 111 seeks information about the equipment used by Defendants to send the fax ads. At the hearing, Plaintiffs' counsel stated that if Defendants produced the other discovery requested in Docket No. 111, Plaintiffs would withdraw its motion to compel Defendants to produce this discovery.