United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-JST <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER ON MOTION TO STAY** <br><br> Re: ECF Nos. 112, 115, 117, 135 |

Before the Court is McKesson's Motion for Leave to File a Motion for Reconsideration of the Court's Order Denying its Motion to Stay. ECF 115. The Court will deny the Motion.

## I. BACKGROUND

This is a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"). The putative class is defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants *did not obtain prior express permission or invitation* to send those faxes, and (4) did not display a proper opt-out notice.

ECF No. 90, ¶ 21 (emphasis added). Plaintiffs' Second Amendment Complaint, the operative complaint here, also alleges: "Plaintiffs had not invited or given permission to Defendants to send the faxes." Id. ¶ 16.

On July 7, 2014, McKesson moved to stay the action while Federal Communications Commission ("FCC") considered certain petitions "regarding the scope and validity of 47 C.F.R. Section 64.1200(a)(4)(iv)." ECF No. 84. The Court denied McKesson's stay motion on October 22, 2014. ECF No 112. On November 10, 2014, McKesson filed this Motion for Leave to File a Motion for Reconsideration. ECF 115.

McKesson rests its request for reconsideration on two grounds: (1) an October 30, 2014 FCC ruling allowing those who sent solicited faxes without opt-out notices to receive waivers for those violations of the TCPA[1]; and (2) the Court's failure to mention testimony by McKesson employee, Dawn Taylor, in its Order Denying the Motion to Stay.

## II. LEGAL STANDARD

Under Civil Local Rule 7-9(a), "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." The grounds relevant here are: "[t]he emergence of new material facts or a change of law occurring after the time of such order," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civ. L.R. 7-9(b).[2]

## III. ANALYSIS

Defendants seek reconsideration of the Court's denial of its Motion to Stay, contending that the FCC's ruling represents "a change of law occurring after" the Court issued its Order, and that the Court's failure to cite Ms. Taylor's testimony amounted to a "manifest failure by the Court to consider material facts." Neither ground supports reconsideration of the Court's prior ruling.

### A. FCC Ruling

The FCC Ruling permits those who sent faxes *with* prior express invitation or permission, but without opt-out notices, to seek a waiver of the opt-out notice requirement from the FCC. See ECF No. 116-1. The ruling does not permit those who sent unsolicited faxes to seek a waiver of the opt-out notice requirement. See ECF No. 116-1 at 1 n.2 ("this waiver does not affect the prohibition against sending unsolicited fax ads . . . .").

---

[1] McKesson asks the Court to take judicial notice of two documents: (1) the FCC's October 30, 2014 ruling, found at ECF No. 116-1, and (2) a petition for review of the FCC's October 30 ruling. ECF Nos. 117, 135. Both documents are matters of public record, which are generally subject to notice. See Fed. R. Evid. 201; Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). McKesson's request is granted.

[2] A party seeking to file a motion for reconsideration must show reasonable diligence in bringing the motion. Civ. L.R. 7-9(b). The Court finds that McKesson exercised reasonable diligence.

2

1  This ruling provides no comfort to McKesson. Because the class here is defined to include only those who received *unsolicited* faxes, the issue of waiver for those who received *solicited* faxes is not relevant. See id. McKesson also seeks to resolve the factual question of whether the named Plaintiffs provided consent to receive faxes from McKesson.³ See ECF No. 115 at 4 ("McKesson has not been given an opportunity to litigate [the issue of consent]."). But resolution of that factual issue requires litigation, not a stay.

Alternatively, McKesson contends that True Health provided consent to receive faxes from McKesson via an established business relationship between the parties. But even if McKesson contends that the faxes here were "solicited" pursuant to such a relationship, the FCC ruling is not bear on the decision whether a stay, here, is appropriate. See ECF No. 116-1 at 1 n.2 ("This waiver does not extend to a similar requirement to include an opt-out notice on fax ads sent pursuant to an established business relationship . . . .").

Finally, the Court notes that, in its initial Motion to Stay, McKesson asked the Court to stay this proceeding pending the outcome of the FCC's ruling on the solicited-fax regulation. See ECF No. 84. The FCC has now ruled. As the FCC's ruling is no longer pending, McKesson's request for reconsideration of the Motion to Stay is not well-founded. The FCC's ruling is not a "change of law" that weighs in favor of a stay.

### B. Testimony of Dawn Taylor

The Court did not make explicit in the Order on McKesson's Motion to Stay that it considered Ms. Taylor's testimony regarding McKesson's electronic records. The Court did, however, consider the testimony, but found it unpersuasive.

First, it was at best unclear that Ms. Taylor's proffered testimony related to the documents submitted to the Court. She testified that she reviewed screenshots of forms that plaintiff True Health had submitted to McKesson, and the boxes on the forms directing McKesson not to mail or

---

³ McKesson objects to language the Court used in the Motion to Stay that could be interpreted to mean the Court had decided the factual question of whether True Health provided consent to McKesson to send it faxes. See ECF No. 115 at 9. The Court did not make any conclusive factual determinations regarding the issue of consent.

3

fax were not checked. ECF No. 92-1 (Jones Decl.), Exh. 9, at 79. But McKesson also submitted documents showing that the boxes in question *were* checked. Id., Exh. 8. Second, and more importantly, Ms. Taylor's testimony was not material to the Court's decision because the class in this case is defined *only* to include those who received *unsolicited* faxes. McKesson hopes to prove that the named plaintiffs in this case in fact provided express consent to McKesson to receive faxed advertisements, but that is a factual issue the parties must litigate—as this case proceeds—and not a reason to stay the case. The "orderly course of justice" will only be served by allowing this case to proceed and trying the issue of consent. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1009 (9th Cir. 2005) (citations omitted). The Court's failure to discuss Ms. Taylor's testimony was not a "manifest failure" to consider material facts.

### C. Future Motion to Stay

In its reply brief[4] in support of its motion, McKesson states that it retains its right to file *another* motion to stay premised on its application for a waiver from the FCC for solicited faxes it sent. ECF No. 132 at 3 n.5. If such a motion is filed, the Court will consider it on the merits. But because any such motion would be premised on McKesson's request for a waiver relating to *solicited* faxes, McKesson must explain how obtaining such a waiver would bear on this case, since – as the Court has now stated many times – this action is brought on behalf only of plaintiffs who received *unsolicited* faxes. See ECF No. 90, ¶¶ 16, 21.

///
///
///
///
///
///

---

[4] McKesson objects to the fact that Plaintiffs responded to its Motion for Leave, and contends that the rules permitting response and reply briefs for other non-administrative motions do not apply to motions filed under Civil Local Rule 7-9. See ECF No. 132 at 2 n.2. Under Rule 7-9(d), "no response need be filed," but a Judge may "order the filing of additional papers." Thus, the Court has reviewed the additional papers the parties filed.

4

**CONCLUSION**

For the foregoing reasons, Defendants' Motion is hereby DENIED.

IT IS SO ORDERED.

Dated: November 25, 2014

_____
JON S. TIGAR
United States District Judge