**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11  TRUE HEALTH CHIROPRACTIC,              No. C-13-02219-JST (DMR)
12          Plaintiff(s),                  **ORDER RE: JOINT DISCOVERY**
                                           **LETTER [DOCKET NO. 133]**
13       v.
14  MCKESSON CORPORATION,
15          Defendant(s).
    _____/
16
17        This putative class action brought under the Telephone Consumer Protection Act of 1991, as

18  amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), challenges

19  Defendants' alleged practice of sending unsolicited facsimile advertisements, or so-called "junk

20  faxes."  On November 13, 2014, the court held a hearing on the parties' three previous disputes

21  (Docket Nos. 79, 110, 111) and issued an order the following day compelling Defendants to produce

22  discovery after meeting and conferring with Plaintiffs to narrow the scope of discovery.  *See*

23  November 14 Order [Docket No. 27].

24        The parties have filed another joint discovery letter.  [Docket No. 133.]  The parties met and

25  conferred as required by the court's November 14 Order, but were unable to agree upon a narrower

26  scope for the discovery requested.  These remaining follow-up disputes are suitable for

27  determination without oral argument.  Civil L.R. 7-1(b).  The disputes are addressed below.

28                    **I.  DOCKET NO. 79**

United States District Court

For the Northern District of California

In Docket No. 79, Plaintiffs moved to compel Defendants to produce exemplars of all fax advertisements that did not include an opt-out notice that Defendants sent during the class period.  In the November 14 Order, the court granted Plaintiffs' motion to compel and ordered Defendants to produce "all unique fax ads without opt-out notices sent by Defendants during the class period."[1] However, the court noted that "the discovery request propounded by Plaintiffs is too broadly worded, and could capture documents well beyond the 'fax advertisements without opt-out notices' that are the subject of this case."  The court therefore ordered the parties to "have a detailed and specific meet and confer session so that they can identify the types of documents that fall within the scope of this case, and those that are outside that scope."  November 14 Order at 2.

The parties met and conferred, but were unable to agree upon a narrower scope for this discovery.  Plaintiffs have proposed that Defendants produce exemplar faxes that fall within the following description:

> Any document that was: (1) created, in whole or in part, by one or more employees of the marketing department of McKesson corporation, McKesson Technologies, Inc., McKesson Provider Technologies, or other McKesson entity; (2) transmitted to one or more fax numbers via server, computer, or other automated function; (3) that advertised the commercial availability or quality of any property, good, or service or McKesson; (4) after June 20, 2009.

Plaintiffs note that even though the court sought to restrict the discovery sought to "all unique fax ads without opt-out notices," it is not functionally feasible to limit the production to faxes "without opt-out notices" because the determination of whether a particular opt-out notice complies with the requirements of the TCPA is fact-specific and likely to be contentious.  Accordingly, Plaintiffs propose other limitations that will narrow the scope of discovery without opening the door to word-

---

[1]  The court also stated as follows:

> [T]he presiding judge in this matter, the Honorable Jon S. Tigar, has not ruled on whether discovery should be bifurcated between class certification and merits discovery.  As this court noted at the hearing, the line between "class certification discovery" on the one hand, and "pure merits" discovery on the other, can be difficult to discern. In any event, the requested discovery is relevant to the class certification issue, specifically to the issues of typicality and commonality.

November 14 Order at 2.  Since then, Judge Tigar has explicitly ruled that "[d]iscovery will not be bifurcated without an affirmative order by the Court."  *See* December 3, 2014 Minute Order [Docket No. 141].

United States District Court

For the Northern District of California

mincing disputes;[2] specifically, by restricting the discovery to faxes created by McKesson's marketing department and sent via automated functions, Plaintiffs' proposed request will "likely eliminate routine business facsimiles that would likely fall outside the purview of the Junk Fax Prevention Act" and "will narrow the documents produced to those transmitted . . . only to large blocks of recipients." Docket No. 133 at 2.

Defendants' counterproposal is "to search for faxes similar to those attached to the complaint to see if there may be other exemplars." Docket No. 133 at 5. This is too narrow and unilateral to reliably generate the universe of documents that the court has already ordered.

The court finds that Plaintiffs' proposal is reasonable in that it describes the relevant documents while also incorporating measures likely to reduce burden and weed out non-responsive documents. Accordingly, by **December 12, 2014**, Defendants must produce exemplar documents meeting the definition in Plaintiffs' proposal.

## II.  DOCKET NO. 110

In Docket No. 110, Plaintiffs moved to compel documents showing that the recipients of fax advertisements sent by Defendants had given Defendants prior express permission to send those faxes (i.e., documents relevant to the "permission defense"). The court granted Plaintiffs' motion to compel, stating that the "evidence sheds light on the question of whether the permission defense is an individualized inquiry or a generalized argument." November 14 Order at 2-3. However, the court also expressed its "concern that Plaintiffs' request as currently written will be burdensome." *Id.* at 3. The court thus ordered the parties to "meet and confer regarding a more efficient way for Plaintiffs to discover information about Defendants' permission defense. For example, if Defendants contend that a customer's software registration constitutes that customer's express permission to receive fax ads, Defendants could produce an example of one customer's software registration, and explain in an interrogatory response which recipients allegedly granted Defendants permission to send fax ads by completing similar software registrations." *Id.*

_____

[2] Even though Defendants are ordered to produce the responsive transmissions, they of course preserve the opportunity to argue that those transmissions were TCPA-compliant with respect to opt-out requirements.

**United States District Court**
For the Northern District of California

1   The parties met and conferred and Defendants agreed to produce "a supplemental

2   interrogatory response that details the categories of permission . . . [and] identify the evidentiary

3   categories that would frame discovery." Docket No. 133 at 6.  However, the parties disagree as to

4   one aspect of this discovery request: Plaintiffs want Defendants to identify the recipients that

5   allegedly fall into each category of permission, but Defendants proposes to list the *number* of

6   recipients that fall into each category with no individually identifying information.

7   Plaintiffs contend that the identities of the recipients are important because Plaintiffs cannot

8   test the claim that an individual recipient provided permission to McKesson without being able to

9   contact the individual recipients.  Defendants respond that giving Plaintiffs' the names of the

10   recipients may result in Plaintiffs "interview[ing] every person to see if they provided consent" to

11   receive the faxes, which "is precisely the type of individual inquiry that defeats class certification."

12   Defendants also contend for the first time that Plaintiffs' contact with the recipients could cause

13   disruption in Defendants' relationships with the recipients, at least some of whom are Defendants'

14   customers.

15   The court has already ordered Defendants to identify the recipients, and has already found

16   that the protective order is sufficient to safeguard Defendants' proprietary interests.  Accordingly,

17   Defendants shall respond to the discovery request at issue in Docket No. 110, including by

18   identifying the names and fax numbers of the recipients, by **December 12, 2014**.  To the extent

19   Defendants now argue that Plaintiffs' contacts with the recipients should be regulated in some way,

20   Defendants have not adequately met and conferred on this newly raised dispute.  The court will

21   decide that dispute if and when it is properly queued up by the parties.

22   ### III. DOCKET NO. 111

23   In Docket No. 111, Plaintiffs moved to compel the production of documents containing

24   information about recipients of the fax ads sent by Defendants during the class period, including

25   their identities and fax numbers, and the dates and times they received transmissions.  The court

26   found "this information to be relevant to class certification issues, and further finds that Defendants'

27   concerns about the recipients' confidential information are adequately addressed by the parties'

28   protective order" and therefore granted Plaintiffs' motion to compel.  Furthermore, the court held

that "[t]he universe of recipients shall be bounded by the group of 'fax advertisements' identified . . . [for] Docket No. 79." The court's above ruling resolves the issues in Docket No. 79. Thus, by **December 12, 2014**, Defendants must produce documents responsive to the discovery request at issue in Docket No. 111.

IT IS SO ORDERED.

Dated:  December 5, 2014



_____
DONNA M. RYU
United States Magistrate Judge