ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
DUSTIN L. SCHUBERT (S.B.N. 254876)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:     (415) 788-4220
Facsimile:      (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com
dschubert@schubertlawfirm.com

*Local Counsel for Plaintiffs*

BRIAN J. WANCA (admitted *pro hac vice*)
GLENN L. HARA (admitted *pro hac vice*)
**ANDERSON + WANCA**
3701 Algonquin Road, Ste 760
Rolling Meadows, IL 60008
Telephone:     (847) 368-1500
Facsimile:      (847) 368-1501
bwanca@andersonwanca.com
ghara@andersonwanca.com

*Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC., an Ohio corporation, and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., a Tennessee corporation, individually and as the representatives of a class of similarly-situated persons,<br><br>                    Plaintiffs,<br><br>           v.<br><br>MCKESSON CORPORATION, MCKESSON TECHNOLOGIES, INC., and JOHN DOES 1-10,<br><br>                    Defendants. | No.    **3:13-cv-02219-JST**<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>Date:          **January 29, 2015**<br>Time:         **2:00 p.m.**<br>Place:        **Courtroom 9, 19th Floor**<br><br>**Hon. Jon S. Tigar** |

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery
Case No. 3:13-cv-02219-JST

With their Motion to Bifurcate Discovery (Doc. No. 145), Defendants McKesson Corporation and McKesson Technologies, Inc. (collectively referred to as "McKesson") seek to prohibit all discovery on class certification issues until the merits issues have been completely resolved. This unusual procedure would likely cause conflict and disagreements as there is typically no bright-line distinction between merits issues and class certification issues. Additionally, this procedure would clash with the existing scheduling order, as it established a deadline for the motion for class certification of June 8, 2015.[1] Plaintiffs will not be able to meet this deadline if McKesson does not provide discovery as recently ordered by the Court. Finally, nothing prevents McKesson from conducting discovery on merits issues or filing a dispositive motion at this time. For these and the other reasons discussed herein, Plaintiffs urge this Court to deny McKesson's Motion to Bifurcate Discovery.

### A. McKesson's Motion to Bifurcate Discovery is Largely an Effort to Avoid Providing the Discovery it Has Been Ordered to Produce.

McKesson's Motion to Bifurcate Discovery is essentially a thinly-veiled effort to avoid complying with Magistrate Ryu's December 5, 2014 Order re: Joint Discovery Letter (the "Discovery Order"). The Discovery Order compelled McKesson to produce three categories of documents: (1) "exemplar documents" of any facsimile advertisements sent by McKesson that fall within specific, defined criteria; (2) the transmission records associated with these facsimile advertisements; and (3) any evidence the recipients of these facsimile advertisements provided "prior express permission" to McKesson for them.[2] The Discovery Order required McKesson to produce this information by December 12, 2014. As producing all such documents by this deadline would likely have been difficult, McKesson could reasonably have requested additional time or produced some documents by the deadline and then proposed a schedule for the remaining production. Plaintiffs would not likely have objected to either approach.

---

[1] *See* Civil Minutes (Doc. No. 141), p. 1.

[2] *See* Order Re: Joint Discovery Letter (Doc. No. 143), pp. 3-5.

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**   1

But McKesson did neither. Instead, McKesson has sought to nullify the Discovery Order via two motions filed the day before its production was due. In the first motion, which was styled Defendants' Motion for Relief from December 5, 2014 Nondispositive Pretrial Order of Magistrate Judge Re: Joint Discovery Letter and Request for Immediate Stay ("Motion for Relief"), McKesson directly asked this Court to stay the Discovery Order on the grounds that it was clearly erroneous or contrary to law. McKesson, a large and sophisticated provider of information technology services, complained that having to search and review its own records would be difficult and burdensome. However, McKesson offered no affidavits or other evidence to substantiate any such difficulty or the burdens involved. Moreover, Magistrate Ryu had expressly considered these issues, sought the parties' input via a supplemental joint letter, and then relied on that submission in reaching her ultimate decision.

In light of Magistrate Ryu's careful consideration of the issues and the absence of any new evidence in McKesson's Motion for Relief, this Court summarily denied the Motion for Relief with its December 19, 2014 Order Denying Motion for Relief from Nondispositive Pretrial Order of Magistrate. In that Order, this Court found Magistrate Ryu's decision to be "well-reasoned, thorough, and correct in all respects."[3]

McKesson's Motion to Bifurcate Discovery seeks the same relief under the guise of bifurcating discovery. Specifically, McKesson seeks to stay all discovery on class certification issues until the issues involving the merits have been fully discovered, presented in dispositive motions, and resolved by the Court. As Magistrate Ryu's Discovery Order involved class certification issues, this procedure would relieve McKesson of the obligation to comply with it indefinitely. Moreover, this indefinite stay would almost certainly preclude Plaintiffs from meeting the current June 8, 2015 deadline for moving for class certification. Accordingly, this Court should deny the Motion to Bifurcate Discovery on the same grounds that it denied the Motion for Relief; *i.e.*, Magistrate Ryu's decision was thorough, well-reasoned, and correct.

---

[3] Order Denying Motion for Relief from Nondispositive Pretrial Order of Magistrate (Doc. No. 148), p. 1.

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery
Case No. 3:13-cv-02219-JST                                                                                                                    2

1  Additionally, McKesson's prompt compliance with the Discovery Order is essential to keeping the
2  case moving forward under the existing scheduling order.

### B. McKesson's Motion to Bifurcate Discovery is a Reversal of the Position it Has Taken in Discovery Since the Beginning of the Case.

McKesson's Motion to Bifurcate Discovery should also be denied as it amounts to an unexplained reversal of the discovery position it has taken from the beginning of the case. In the initial Joint Case Management Statement, the parties proposed that the class certification issues be resolved before the merits: "The parties request that issues concerning the propriety of class certification and the merits be bifurcated. The parties believe the discovery and issues concerning class certification be resolved prior to the merits."[4]  McKesson then refused to comply with the bulk of the discovery requests on the basis that they pertained to merits issues instead of class certification issues. This included all of the categories of information that were the subject of the Joint Discovery Letters (Doc. Nos. 79, 110, 111). In the process of reaching the Discovery Order, Magistrate Ryu expressly considered and rejected this argument as well: "the requested discovery is relevant to the class certification issue, specifically to the issues of typicality and commonality. . . . Accordingly, Plaintiffs' motion to compel is granted."[5]

Faced with having to actually produce evidence on the class certification issues, McKesson now seeks to reverse itself and allow discovery only on those issues that go to the merits. McKesson offers no explanation for this sudden reversal of its long-standing position with regard to the sequence of discovery. Under these circumstances, granting the Motion to Bifurcate Discovery will not streamline discovery or eliminate potential disputes between the parties. Instead, it will likely serve as a basis for McKesson to argue that all future discovery requests concern class certification issues and, therefore, are not permitted. Plaintiffs respectfully ask this Court to help them steer clear of this potential trap by imposing no limits on what issues are discoverable at this time.

---

[4]  Joint Case Management Statement (Doc. No. 45), p. 7.

[5]  Order Re: Joint Discovery Letters (Doc. No. 127), p. 2.

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**                                                                                                    **3**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### C. McKesson Did Not Obtain "Prior Express Invitation of Permission" from the Recipients of its Facsimile Advertisements.

McKesson's desire to avoid discovery on the class certification issues is not the only reason offered to justify its Motion to Bifurcate Discovery. McKesson also claims that the "undisputed evidence [of] express consent"[6] is so strong that it will almost certainly result in the dismissal of plaintiffs True Health Chiropractic, Inc. ("True Health") and McLaughlin Chiropractic Associates, Inc.'s ("McLaughlin") claims. The actual evidence falls far short of this promise.

Before addressing this evidence, it is important to note that the burden of establishing "prior express invitation or permission"[7] falls squarely on the senders of facsimile advertisements:

> Senders that claim their facsimile advertisements are delivered based on the recipient's prior express permission must be prepared to provide clear and convincing evidence of the existence of such permission. . . . In the event a complaint is filed, the burden of proof rests on the sender to demonstrate that permission was given. We strongly suggest that senders take steps to promptly document that they received such permission.[8]

In the Citation Letter sent to McKesson in May of 2008, the F.C.C. specifically advised McKesson that "the burden rests with the fax sender to demonstrate that it . . . obtained prior express invitation or permission to send the facsimile advertisement."[9] In short, McKesson should not need discovery to search for evidence that it obtained "prior express invitation or permission" from the recipients of its facsimile advertisements. If McKesson obtained such permission, it should

---

[6] McKesson's Motion to Bifurcate (Doc. No. 145), p. 5.

[7] 47 U.S.C. §227(b)(1) ("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement". . . . 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission").

[8] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005, 71 FR 25967-01 at 25972; *see also Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 748 (Ohio Ct. C.P. 2003) ("An advertiser has the burden of proof with regard to the issue of 'prior express invitation or permission.'").

[9] May 9, 2008 F.C.C. Citation Letter to McKesson Corporation, p. 2. A true and accurate copy of the F.C.C. Citation Letter is attached hereto as Exhibit A.

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**                                                                                  **4**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

have had the documentation of this permission in its possession all along. Moreover, this documentation should leave no question whatsoever that the recipients consented to receiving facsimile advertisements from McKesson.

The evidence in the record actually demonstrates the opposite. For example, Dr. Jeffrey Shope testified that McKesson never requested permission from True Health to send advertisements over its fax machine:

> Q. . . . Do you recall anyone from McKesson contacting you personally and asking for permission to send True Health facsimile advertisements?
>
> A. No, I do not recall.
>
> Q. Okay. Do you believe that conversation ever took place and anybody ever asked you for permission?
>
> A. I don't believe it ever took place.
>
> MR. JONES: Objection; calls for – hang on. Objection; calls for speculation.
>
> A. I don't believe that ever took place.[10]

Even if McKesson had sought such permission, Dr. Shope testified that True Health would not have provided it:

> Q. Had McKesson contacted you and requested permission to send True Health fax ads, can you tell us what your answer would have been?
>
> A. No.
>
> MR. JONES: Objection; calls for speculation and incomplete hypothetical.
>
> BY MR. STUBBS:
>
> Q. If – Do you give any instructions to your staff in terms of what to tell people who call and ask for permission to send True Health facsimile advertisements?

---

[10] Deposition of Jeffrey R. Shope, D.C., pp. 144-45. A true and accurate copy of the excerpted quoted portions of Dr. Shope's testimony is attached hereto as Exhibit B.

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**                                                                                                                5

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

A.   Yes. The answer is no. Do not send them.[11]

As for documentary evidence, McKesson's stubborn refusal to produce evidence of express permission resulted in one of the Joint Letters submitted by the parties (Doc. No. 110). Despite refusing to produce this information, McKesson has often represented to the Court that it did obtain such permission. For example, in its first Motion to Stay, McKesson contended that "[t]here is ample evidence in the record that [True Health] provided express consent to receive faxes from McKesson, including in their registration of the [Medisoft] software."[12] The only evidence McKesson cited to support this assertion was that True Health provided its fax number to McKesson when it submitted various software registration forms.

In denying the Motion to Stay, this Court explained that the completion of these forms did not amount to express permission to receive facsimile advertisements:

> What the registration forms that McKesson points to show is the opposite of express permission – they show that Plaintiffs asked *not* to receive faxes. This extinguishes McKesson's argument that Plaintiffs impliedly consented to receive such faxes by the mere act of including their fax number among other information they provided during the product registration process. That an affirmative request not to receive faxes trumps implied permission is not only common sense, but also reflects the FCC's interpretation of the JFPA.[13]

The Court then denied McKesson's request for leave to file a motion for reconsideration of this decision.[14] This Court's reasoning was not only clear and correct, it was consistent with that of other courts that have considered this issue.

> Consent may not be inferred from the mere distribution or publication of a fax number, or the existence of a previous business

---

[11]   Deposition of Jeffrey Shope, p. 145.

[12]   *See* Notice of Motion and Motion to Stay, Memorandum of Points and Authorities (Doc. No. 84), p. 3.

[13]   *See* Order Denying Motion to Stay (Doc. No. 112), p. 4.

[14]   *See* Order Denying Motion for Leave to File Motion for Reconsideration of Court's Order on Motion to Stay (Doc. No. 137).

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**                                                                                                          **6**

> relationship between an advertiser and the recipient . . . . For consent to send fax advertisements to be valid according to Section 227(b)(1)(c), Title 47, U.S.Code, the recipient must be expressly told that the materials to be sent are advertising materials and will be sent by fax. In the absence of each clear prior notice, express invitation or permission to send fax advertisements is not obtained.[15]

McKesson should be well aware of these principles, as the F.C.C's Citation Letter also warned it that "[m]ere distribution or publication of a fax number does not establish consent to receive advertisements by fax."[16] Accordingly, the evidence that McKesson claims will establish the "prior express invitation and permission" of True Health and McLaughlin is both legally insufficient and factually unpersuasive.

In summary, McKesson's Motion to Bifurcate Discovery is a thinly-veiled effort to avoid having to comply with the Discovery Order issued by Magistrate Ryu. This Court already rejected McKesson's direct request to set aside this Discovery Order, and it should deny the Motion to Bifurcate Discovery for the same reasons. Additionally, bifurcating the discovery as proposed by McKesson would conflict with the existing schedule order. Finally, as McKesson has no credible evidence of "prior express invitation or permission," waiting for it to file a dispositive motion on this issue could amount to a never-ending stay.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs True Health Chiropractic, Inc. and McLaughlin Chiropractic Associates, Inc. respectfully request that the Court deny McKesson's Motion to Bifurcate Discovery.

---

[15] *Jemiola*, 802 N.E.2d at 748-49; *see also Travel Travel, Kirkwood, Inc. v. Jen N.Y. Inc.*, 206 S.W.3d 387, 392 (Mo. Ct. App. 2006) ("If the consent is not manifested by explicit and direct words, but rather is gathered only by implication or necessary deduction from the circumstances, the general language, or the conduct of the parties, it is not express consent. Rather, it is merely implied consent. And, without express consent, the law forbids the defendant from sending unsolicited facsimiles to the plaintiff."); *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 582 (Mo. Ct. App. 2010) ("This court has already addressed the issue and found there is no 'implied consent' exception for TCPA junk fax cases").

[16] F.C.C. Citation Letter, p. 2.

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Bifurcate Discovery**
**Case No. 3:13-cv-02219-JST**                                                                                                7

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

| | | |
|---|---|---|
| 1 | Dated: December 29, 2014 | Respectfully submitted, |
| 2 | | TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as representatives of a class of similarly-situated persons, |

By: /s/ Matthew Stubbs
    One of Plaintiffs' Attorneys

GEORGE D. JONSON (admitted *pro hac vice*)
MATTHEW STUBBS (admitted *pro hac vice*)
**MONTGOMERY, RENNIE & JONSON**
36 East Seventh Street
Cincinnati, OH  45202
Telephone:     (513) 768-5220
Fax:              (513) 768-9220
gjonson@mrjlaw.com
mstubbs@mrjlaw.com

BRIAN J. WANCA (admitted *pro hac vice*)
GLENN L. HARA (admitted *pro hac vice*)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:     (847) 368-1500
Fax:              (847) 368-1501
bwanca@andersonwanca.com
ghara@andersonwanca.com

*Counsel for Plaintiffs*

ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
DUSTIN L. SCHUBERT (S.B.N. 254876)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:     (415) 788-4220
Facsimile:      (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com
dschubert@schubertlawfirm.com

*Local Counsel for Plaintiffs*