UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-JST <br><br> **ORDER DENYING MOTION TO BIFURCATE DISCOVERY** <br><br> Re: ECF No. 145 |

Before the Court is Defendants' Motion to Bifurcate Discovery. ECF No. 145. For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

On May 15, 2013, Plaintiffs brought this case as a class action under the Telephone Consumer Protection Act ("TCPA"), alleging that Defendants sent to Plaintiffs unsolicited faxes in violation of the TCPA. ECF No. 1. In relevant part, the TCPA prohibits the sending of faxes without the "prior express permission or invitation" of the recipient. 47 U.S.C. § 227.

Defendants ask the Court to bifurcate discovery so as to allow the parties to resolve whether the named class representatives, True Health Chiropractic Inc. and McLaughlin Chiropractic Associates, Inc., received unsolicited faxes (as opposed to solicited ones), and therefore whether they are able to represent a class of individuals, each of whom allegedly received unsolicited faxes. ECF No. 145. Defendants ask for a forty-five-day period in which to conduct discovery regarding the individual named plaintiffs and then to file a motion for partial summary judgment as to True Health and McLaughlin's adequacy as class representatives. Id. at 2. Defendants effectively seek to stay class discovery during this period.

Defendants assert that if discovery reveals that True Health and McLaughlin are not representative of the class, bifurcation will mean that "the expense and prolonged process of class

discovery, expert discovery and class certification may be avoided in their entirety." Id. at 5. Moreover, Defendants surmise that, in the event that McLaughlin and True Health are deemed adequate class representatives, bifurcation will not affect the parties' ability to conduct class discovery or Plaintiffs' ability to file a class certification motion by the June 8, 2015 deadline. Id. at 9 ("Applying a [forty-five-day] individual discovery period will not affect the schedule of this case or complicate the issues in this matter . . . .").

Both parties contend that discovery on the merits will show that their respective positions regarding the adequacy of the named class representatives are correct. See ECF No. 145 at 1; ECF No. 151 at 4-7.

## II. LEGAL STANDARD

The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court. Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citations omitted); see, e.g., Medlock v. Taco Bell Corp., No. 1:07-cv-01314-SAB, 2014 WL 2154437, at *1 (E.D. Cal. May 22, 2014) (noting bifurcation of discovery as to class-certification and merits issues). Among the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. See 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014).

## III. ANALYSIS

### A. Overlap Between Individual and Class Discovery

The parties have not extensively briefed the issue of the overlap between individual and class discovery. Typically, however, the two do overlap, and the Court concludes that the same will be true here. See, e.g., Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("[T]he merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case.").

This factor weighs against bifurcation.

### B. Promoting Certification at "an Early Practicable Time"

Federal Rule of Civil Procedure 23 indicates that class certification should occur "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." Fed. R. Civ. P. 23(c)(1)(A). Currently, the case schedule requires motions on class certification to be filed by June 8, 2015. ECF No. 142. The Court has already continued that deadline once; the original deadline was October 1, 2014. ECF No. 66.

The Court finds that granting Defendants' motion to bifurcate would not allow class certification motions to be filed by June 8, 2015. If the Court bifurcates discovery and grants Defendants forty-five days to conduct discovery solely as to individual issues, that discovery will likely not be complete until late March. Defendants would then have to prepare and file a motion for summary judgment; assuming this would require approximately a month, the motion would be filed in late April, and heard in early June. The Court would then have to issue an order on summary judgment, and only then—assuming McLaughlin and True Health remained in the case—could class discovery even *begin*. A motion for class certification would not be ready for hearing until class discovery was complete. In short, bifurcation would render the filing of class certification motions by June 8, 2015 impossible. And, given that this case was filed in mid-2013, further continuing class certification would not lead to a decision on class certification "[a]t an early practicable time."

This factor weighs against bifurcation.

### C. Judicial Economy

Defendants' main assertion in support of the motion to bifurcate is that permitting discovery only as to the individual named plaintiffs has the potential to streamline this litigation by preventing: (1) needless discovery on class issues that will not be relevant when the named plaintiffs are dismissed from the case (as Defendants contend they will be), and (2) the Court and parties from having to proceed after the named plaintiffs are dismissed.

The Court acknowledges that, assuming the named plaintiffs are not adequate class representatives, bifurcating discovery could prevent unnecessary discovery. But the Court also finds that bifurcation has the potential to complicate this litigation further, even if the named

3

plaintiffs are not adequate class representatives.[1] And if the named plaintiffs are adequate class representatives, bifurcation will not have streamlined anything or otherwise served the interest of judicial economy.

First, the Court finds that bifurcation has the potential to further complicate this litigation—even if Defendants are correct that True Health and McLaughlin do not meet the class definition—because, as Judge Ryu explained in her order on the parties' letter briefs in this case, "the line between 'class certification discovery' on the one hand, and 'pure merits' discovery on the other, can be difficult to discern." ECF No. 127 at 2. Thus, bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two. See Makaeff, 2014 WL 3490356, at *7 (discussing Plaintiffs' belief that "the overlap between class and merits discovery in this case is such that bifurcation would lead to needless litigation over the distinction between the two, and inefficiencies in the discovery process.") (emphases omitted); In re Rail Freight Surcharge Antitrust Litig., 258 F.R.D. 167, 174 (D.D.C. 2009) ("Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery. If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.") (internal citation and quotations omitted). Nothing prevents the parties from simultaneously engaging in both class and individual discovery, which will not result in the common problem identified by the courts cited above. See Manual for Complex Litigation (4th) § 11.213 ("Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.")

Second, even if discovery proves that True Health and McLaughlin should not represent the class, Defendants appear to assume that the case will be dismissed, and therefore that neither the parties nor the Court will have anything left to do in the case. See ECF No. 145 at 8 ("[I]f

---

[1] The Court will not attempt to evaluate the merits of whether McLaughlin and True Health are adequate class representatives or what further discovery will show. Any such assessment would be speculative.

4

Plaintiffs do not fit into the definition of the class, then they cannot serve as class representatives and the class claims should be dismissed."). In reality, however, if True Health and McLaughlin are found to not meet the class definition, Plaintiffs will likely seek to proceed with the case by finding other, adequate representatives.

Third, the Court finds that it must weigh the possibility that discovery will show that True Health and McLaughlin *are* adequate class representatives. In that event, the parties and the Court would have needlessly undertaken several steps in this case, resulting in inefficiency and a lack of judicial economy.

Finally, the Court notes that Judge Tigar's Standing Order for All Civil Cases, which is available at http://cand.uscourts.gov/jstorders, provides that the Court will only consider one motion for summary judgment per party in a case, and that any party that hopes to exceed this limit must request leave of the Court and show good cause. The Court issued this standing order in the interest of judicial economy. Thus, if Defendants believe that—if this case would not end after the Court decides their proposed motion for partial summary judgment—they would like to file a second motion for summary judgment, they should be aware that some judicial-economy-based-obstacles stand in the way of them doing so.

Overall, this factor weighs against bifurcation.

### D. Prejudice

The potential for prejudice resulting from granting or denying the motion to bifurcate runs both ways. Bifurcation could delay Defendants' production in response to Plaintiffs' outstanding discovery requests, which have already been extensively litigated. Defendants have also explained that they will potentially be prejudiced if their motion is not granted because they will have to engage in unnecessary discovery.

Accordingly, the Court finds that this factor is neutral.

### E. Other Considerations

An additional consideration weighs against bifurcating individual and class discovery in this case—namely, the relatively late date of the request, especially given that the parties initially agreed not to bifurcate discovery. It was not unforeseeable at the outset of the litigation that

Defendants might wish to challenge the named class representatives, since that is a potential issue in a considerable percentage of putative class actions. Cf. Flores v. Velocity Express, Case No. 3:12-cv-05790-JST, ECF No. 122 at 3 (noting the "unique circumstances associated with this case" that merited bifurcation, "most of which could not be foreseen at the time the Court entered the original schedule").

The Court finds that this additional consideration weighs against bifurcation.

## CONCLUSION

Having weighed the foregoing factors, the Court finds that bifurcation of discovery at this time is not warranted. Accordingly, the Court hereby denies Defendants' motion and orders the parties to proceed with both class and individual discovery.

**IT IS SO ORDERED.**

Dated: January 20, 2015

_____
JON S. TIGAR
United States District Judge