United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG (DMR) <br><br> **ORDER RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt No. 182 |

Before the court is Plaintiffs' motion for attorneys' fees [Docket No. 182], brought pursuant to the court's April 1, 2015 order imposing Rule 37 sanctions on Defendants. *See* Order [Docket No. 178]. This matter may be determined without oral argument. Civil L.R. 7-1(b). For the reasons stated below, Plaintiffs' motion is **granted in part**.

### I.   BACKGROUND

On March 12, 2015, Plaintiffs filed a motion for Rule 37 sanctions in response to Defendants' failure to produce discovery previously ordered by this court. [Docket No. 162.] The court granted the motion in part, and instructed Plaintiffs to file a motion for fees. Plaintiffs now seek $74,896.75 in attorneys' fees and $3,868.38 in travel expenses incurred as a result of Defendants' failure to comply with the court's discovery order.[1] This sum is apportioned among three firms, and represents 149.95 hours spent on seven broad categories of work.

In particular, Plaintiffs argue that they should be compensated for time spent (1) "attempting to obtain Defendants' belated production of documents and information;" (2)

---

[1] Plaintiffs originally sought $78,009.25 in attorneys' fees incurred for 149.95 hours of work, but later conceded that this amount should be reduced by $3,112.50 and 5 hours. Mot. at 1; Reply [Docket No. 187] at 2.

1  responding to Defendants' motion to bifurcate discovery; (3) researching and drafting a motion for

2  sanctions and a reply to Defendants' opposition of that motion; (4) researching and drafting an

3  opposition to Defendants' motion for leave to file a surreply; (5) preparing for and attending the

4  hearing on their motion for sanctions; (6) seeking a stipulation to extend certain case-management

5  dates, and (7) drafting the fee motion.

6  Defendants contend that many of these fees should be denied as unnecessary,

7  unreasonable, or unrelated to Defendants' discovery failures. Opp. [Docket No 186] at 2-4.

8  Consequently, Defendants assert that the court award fees of no more than $29,078.35 and costs of

9  no more than $1,234.78. *Id.* at 6.

## II.   LEGAL STANDARDS

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chambers v. City of L.A.,* 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987). To determine reasonable hourly rates, the court must look to the prevailing rate in the community—generally, the forum in which the district court sits—for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).

Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ("fees on fees"). *Anderson v. Dir., Office of Workers Comp. Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996); *Bernardi v. Yeutter,* 951 F.2d 971, 976 (9th Cir. 1991).

## III.   DISCUSSION

### A.   Reasonable Hourly Rates

Defendants do not challenge the hourly rates of any of Plaintiffs' time keepers. For this reason, the court declines to make a determination as to whether each rate is reasonable. Generally speaking, with the exception of the highest hourly rate sought, the requested rates

2

appear to fall within the prevailing market for attorneys practicing in the Bay Area. *See In re Magsafe Apple Power Adapter Litigation*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (reviewing cases and stating that "[i]n the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.").

### B. Reasonable Hours

The court first addresses Defendants' suggestion that Plaintiffs can only recover fees that are directly related to their motion for sanctions. The Federal Rule of Civil Procedure 37, the Civil Local Rule addressing sanctions motions, and the court's orders should not be read so narrowly. The critical question is not whether Plaintiffs' requested fees are related to their motion for sanctions, but whether they were "caused by the [Defendants' unjustified] failure" to obey this courts' prior discovery order. *See* Fed. R. Civ. P. 37(b)(2)(C); Civil L-R 37-4(b)(3) (sanctions motion should itemize the fees and expenses "directly caused by alleged [discovery] violation").

Defendants make several arguments in support of their contention that Plaintiffs' request for fees and expenses should be reduced. The court considers each in turn.

#### 1. Block Billing

First, Defendants argue that Plaintiffs' fees should be reduced because their attorneys submitted vague and "block billed" time entries, making it impossible to determine how much time was spent performing a particular task. The court specifically ordered Plaintiffs not to block bill (i.e., combine different tasks into one time entry, with one total number of hours billed for that entry): "You have to submit detailed time records, so I can satisfy myself that I'm only awarding fees that are related to this motion . . . . So detailed time records *means not block billing,* but something that has enough information that I could tell how the time is being spent and that it's being spent in a way that's related to the motion." Tr. of March 26, 2015 Hearing [Docket No. 175] at 18:7-13 (emphasis added).

Inexplicably, Plaintiffs' counsel's records are riddled with block billed entries. In most instances, the court was able to determine that all of the tasks described in the entry fell within the scope of work caused by Defendant's discovery violations. However, given the court's clear

3

1  instruction, no fees are granted where a block billing entry clearly encompasses work that falls
2  outside that scope. Thus, the court denies block-billed fees for Brian Wanca (1/22/15 at 4.9
3  hours); Glenn Hara (1/21/15 at 4.75 hours) and Matthew Stubbs (12/12/14 at 1.1 hours; 12/22/14
4  at 2.0 hours; 1/5/15 at .4 hours; 2/9/15 at 1.5 hours).

### 2. Motion to Bifurcate Discovery

Defendants next argue that Plaintiffs should not be allowed to recover fees incurred in opposing Defendants' December 11, 2014 motion to bifurcate discovery, because Judge Tigar essentially "invited" Defendants to file that motion and it was unrelated to Defendants' failure to obey this court's discovery order. Opp. at 2. Upon review of the record, the court agrees. The minute order filed after the parties' December 3, 2014 Case Management Conference with Judge Tigar states that while, "[d]iscovery will not be bifurcated without an affirmative order by the Court[, t]he parties may submit briefing with attached proposed orders regarding this issue." [Docket No. 141.] Defendants' motion to bifurcate discovery was filed a few days later. [Docket No. 145.] Accordingly, the court will not award fees for the 7.9 hours that Mr. Stubbs spent opposing Defendants' motion (12/26/14 at 3.8 hours and 12/29/14 at 4.1 hours).

### 3. Stipulation to Extend Case Management Schedule

Defendants argue that Plaintiffs should not be reimbursed for the 3.2 hours spent "seeking a stipulation to extend certain case management dates," an extension that Plaintiffs maintain was "made necessary by Defendants' failure to timely produce documents and information required" by this court's prior discovery order. Mot. at 4. Specifically, Plaintiffs contend that they had to request this extension because Defendants' delay made it impossible for Plaintiffs to prepare their expert report by the original deadline of April 1, 2015. Wanca Decl. [Docket No.182-1] ¶ 3.

Defendants contend that Plaintiffs should not receive fees for this time because they "did not oppose Plaintiffs' request for a stipulation." Opp. at 2. The court finds this argument unpersuasive. The need for an extension of case management dates was caused by Defendants' discovery violations. Even though the request to extend was unopposed, it still took time to negotiate the stipulation with opposing counsel, and yet more time to draft the request. That is precisely what Plaintiffs have billed for here. However, Plaintiffs should not have required the

4

1   work of three attorneys to accomplish this task. Consequently, the court will award time spent by

2   Mr. Hara and Mr. Jonckheer (as local counsel), but not Mr. D. Schubert (3/30/15 at 0.1 hours and

3   3/31/15 at 0.2 hours).

#### 4. Time Spent Reviewing Document Production

Defendants next contend that Plaintiffs should not receive fees for time spent reviewing Defendants' production, because that is a task Plaintiffs would have had to perform "in any event" in order to properly evaluate their claims. The court agrees. *See Logtale, Ltd. v. IKOR, Inc.*, No. C-11-5452 EDL (DMR), 2015 WL 581513, at *5 (N.D. Cal. Feb. 11, 2015) ("[r]eviewing documents produced in discovery is part of the normal course of litigation, and [p]laintiff has not shown that it would not have reviewed those documents but for [d]efendants' discovery misconduct"). The court has already denied some of the time spent on document review because it was block-billed with other tasks. The court also denies time for Mr. Good on this basis (1/30/15 at 2.0 hours).

#### 5. Opposing Motion for Leave to File a Sur-Reply

Defendants argue that fees sought for time spent in opposition to Defendants' motion for leave to file a surreply to the motion for sanctions should be excluded.

Plaintiffs' original motion for sanctions asked the court to impose a monetary penalty on Defendants to coerce compliance with the court's December 5, 2014 discovery order, but did not request preclusionary sanctions. [Docket No. 162 at 18.] However, in their reply brief, Plaintiffs reversed course, and suggested that the court also impose "more severe preclusionary sanctions" on Defendants. [Docket No. 168 at 11.] In response, Defendants sought leave to file a surreply, which Plaintiffs opposed. The court subsequently rejected Plaintiffs' request for preclusionary sanctions, and denied Defendants' motion for leave to file a surreply as moot. *See* Order at 14 n.5. Plaintiffs now seek fees for time spent drafting the opposition to Defendants' motion for leave to file a surreply. Wanca Decl. ¶ 7.

The court denies this request in its entirety (Glenn Hara: 3/19/15 at 0.5 hours; 3/23/15 at 4.5 hours; Willem Jonckheer: 3/19/15 at 0.4 hours; 3/20/15 at 0.3 hours; 3/23/15 at 0.3 hours). Any time spent drafting an opposition to Defendants' motion for leave to file a surreply is a result

5

of Plaintiffs' decision to improperly raise new issues on reply, and not of Defendant's discovery delay.

### 6. Expenses and Time Related to March 26, 2015 Hearing on Motion for Sanctions

On March 26, 2015, the court held a hearing on Plaintiffs' motion for sanctions, which was attended by Mr. Hara, Mr. Good, and Mr. Jonckheer on behalf of Plaintiffs, and Ms. Cheung on behalf of Defendants. The hearing lasted thirty minutes.

Defendants argue that only Mr. Hara should be compensated for time billed in relation to this hearing, and that awarding fees and expenses related to the attendance of Mr. Jonckheer or Mr. Good would be excessive and unreasonable.

Plaintiffs respond that it was not unreasonable for Plaintiffs' local counsel, Mr. Jonckheer, to attend an important hearing that "was the culmination of months of litigation." Reply at 3. As to Mr. Good, Plaintiffs argue that he provided "valuable input at the hearing," because when Plaintiffs' counsel could not answer one of the court's factual questions, Mr. Good was able to quickly research the issue and respond. *Id.*

The court agrees that Mr. Hara's and Mr. Jonckheer's attendance at the hearing was reasonable. *See Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002 WL 472308, at *7 (N.D. Cal. Jan. 29, 2002) *aff'd sub nom. Oberfelder v. Bertoli*, 67 F. App'x 408 (9th Cir. 2003) (noting that "the attendance of more than two attorneys is not per se duplicative"). However, the time spent by a third lawyer on a discovery sanctions hearing was superfluous.[2] Consequently, the court will not award fees or costs relating to Mr. Good's participation in the hearing (3/25/15 at 8.0 hours; 3/26/15 at 11.0 hours).

The court finds that Mr. Hara's travel expenses ($1,234.78) are reasonable.

### 7. Plaintiffs' "Fees on Fees" Request

Finally, Defendants argue that Plaintiffs' request for fees related to the time spent on their

---

[2] Mr. Good's one contribution at the hearing was minimal and on a tangential point, and does not justify the significant fees that Plaintiffs' counsel seek regarding his preparation, travel time and costs, and participation in the hearing.

1  motion for attorneys' fees should be denied or reduced, because the 20.1 hours billed in
2  connection with this "short and straightforward motion" is excessive.  Opp. at 5.  While it is true
3  that Plaintiffs' motion for fees is scarcely over five pages long, it required three firms to submit
4  detailed declarations and exhibits regarding time spent as a result of Defendants' failure to obey
5  this court's order.  While the amount of time Plaintiffs have billed for this task may seem high
6  when considered in the aggregate, the attorneys' individual expenditures of time were not
7  unreasonable, and should be reimbursed.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145,
8  1150 (9th Cir. 2001) ("the number of hours expended in cases that are relatively straightforward
9  may often seem high if considered in the aggregate, without perusing in detail the actual billing
10 entries").

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' motion for fees is **granted in part**.  In sum, the court awards fees according to the following rates and hours:

| Attorneys | Rate | Hours Sought | Reduction | Approved | Fees |
|---|---|---|---|---|---|
| Robert Schubert | $900 | 1.4 | 0 | 1.4 | $1,260.00 |
| Brian Wanca | $750 | 9.9 | 4.9 | 5.0 | $3,750.00 |
| Willem Jonckheer | $750 | 9.7 | 1.0 | 8.7 | $6,525.00 |
| Dustin Schubert | $550 | 10.8 | 0.3 | 10.5 | $5,775.00 |
| Matthew Stubbs / George Jonson | $495 | 23.7 | 12.9 | 10.8 | $5,346.00 |
| Glenn Hara | $495 | 70.7 | 9.75 | 60.95 | $30,170.25 |
| Ross Good | $395 | 23.75 | 21.0 | 2.75 | $1,086.25 |
| | | | | **TOTAL FEES:** | **$53,912.50** |

The court awards $1,234.78 for Mr. Hara's travel expenses, for a total award of **$55,147.28. Defendants shall pay this amount to Plaintiffs' counsel within 14 days of this order.**

**IT IS SO ORDERED.**

Dated: May 29, 2015

_____
DONNA M. RYU
United States Magistrate Judge

7