1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  BEN PATTERSON (CA SBN 268696)
   BPatterson@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendants
   MCKESSON TECHNOLOGIES, INC. AND MCKESSON
7  CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION** <br><br> Honorable Haywood S. Gilliam, Jr. |

Plaintiffs do not dispute that they have the burden at class certification and do not dispute the evidence showing that consent was obtained through various means, including oral consent. Instead of addressing their burden on *this* motion, they focus on the burden at the merits stage, but mischaracterize FCC regulations to argue that Defendants have the burden to prove consent at trial. Regardless of who has the ultimate burden, class certification must be denied because Plaintiffs cannot prove the case can be resolved with common evidence for each of the 11,979 customers.

### I. PLAINTIFFS STILL DO NOT DEMONSTRATE HOW THIS CASE WILL BE TRIED WITH COMMON EVIDENCE.

Regardless of who ultimately bears the consent burden, it is **Plaintiffs'** burden at class certification to prove that the proposed class case can be tried with common evidence. *See, e.g.*, *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306-07 (D. Nev. 2014); Def. Supp. Br. at 2-3. While Plaintiffs do not dispute their class burden, they try to improperly shift that burden by attacking the sufficiency of Defendants' evidence. Defendants have not "admitted" that they cannot prove oral permission simply because this evidence must be examined on a class member-by-class member basis. (*See* Supp. Br. at 10.) A defendant need not present all of its merits evidence to defeat class certification. *See Backhaut v. Apple Inc.*, No. 14-CV-02285-LHK, 2015 WL 4776427, at *15 (N.D. Cal. Aug. 13, 2015); *Rea v. Michaels Stores, Inc.*, No. CV 13-455-GW (AGRx), 2014 WL 1921754, at *4 (C.D. Cal. May 8, 2014) ("the Court need not consider Defendant's evidence for its merits in order to determine that the variation in store managers' actual work activities will make a need for individualized (and predominating) mini-trials almost inescapable"). Plaintiffs do not dispute the testimony of Kari Holloway and Jeff Paul. Thus, to adjudicate the claims of the alleged subclasses, numerous sales representatives and thousands of customers must testify about oral consent. Such evidence could not be presented to the Court at class certification (or any ultimate trial) in any practical or manageable way.

As the court recently held in *Blair v. CBE Grp., Inc.*, No. 13CV134-MMA (WVG), 2015 WL 5086375, at *5, *7-9 (S.D. Cal. Aug. 26, 2015): "at the certification stage, the ultimate merits of the issue of consent—i.e. whether [Plaintiffs] did or did not provide consent to be called by Defendant—is not currently before the Court. Instead, at this stage of the litigation, the Court

must determine whether the issue of consent is a common issue with a common answer that predominates over any individual issues." Plaintiffs' argument that Defendants' evidence is insufficient for "asserting someone said something on the phone without establishing what was said, when it was said, and to whom it was said," (Supp. Br. at 9), highlights the fact that evidence of oral consent will need to be presented through thousands of witnesses at trial.

## II. PLAINTIFFS MISCHARACTERIZE THE FCC'S STATEMENTS.

Plaintiffs continue to ignore the TCPA's unequivocal requirement that they must establish that an alleged fax advertisement was "unsolicited," 47 U.S.C. § 227(b)(1)(C), (a)(5), to prove their claims. Instead, they rely almost exclusively on their mischaracterization of FCC regulation 21 FCC Rcd. 3787 (Apr. 6, 2006). Although they claim that a defendant must prove permission by "clear and convincing evidence" (Supp. Br. at 3, 9-10), their purported standard is found nowhere in the TCPA, and Defendants have not uncovered a single case applying such a standard in this context. "Clear and convincing" appears only once in 21 FCC Rcd. 3787 and in a totally different context—when obtaining consent to reinitiate faxes *after* a consumer has opted out.[1] By contrast, there is no mention of any "clear and convincing" standard in the section entitled "Prior Express Invitation or Permission." 21 FCC Rcd. at 3811-12, § (F)(2).[2]

Plaintiffs then continue their faulty argument by claiming that fax senders cannot meet this (inapplicable) standard if they fail to "promptly document" oral permission. (Supp. Br. at 3 (citing 21 FCC Rcd. at 3812, ¶ 47).) But paragraph 47 says nothing about any clear and convincing standard, and there is no requirement to "promptly document" oral permission. The FCC was providing guidance to senders seeking permission through *faxed* requests for permission; this provision does not regulate the process of obtaining oral consent. 21 FCC Rcd.

---

[1] From "Interplay Between Established Business Relationship Exemption and Opt-Out Request": "[A] sender may resume sending facsimile advertisements to a consumer that has opted-out of such communications if that consumer subsequently provides his express invitation or permission to the sender. Of the comments received on this issue, most agree that when a consumer has made an opt-out request of the sender, it should be up to the sender to demonstrate that the consumer subsequently gave his express permission to receive faxes. As discussed in more detail below, our rules will permit such permission to be granted in writing or orally. Senders that claim their facsimile advertisements are delivered based on the recipient's prior express permission must be prepared to provide clear and convincing evidence of the existence of such permission." 21 FCC Rcd. at 3806-07, ¶ 36.

[2] Even if the standard were clear and convincing evidence, Defendants could certainly meet that standard through testimony from PPS's customers and sales representatives.

at 3812, ¶ 47. While documentation is suggested, the FCC expressly reiterates that invitation or permission "may be given by oral . . . means," and needs to be given only once. *Id*. ¶¶ 45-46.

Plaintiffs misleadingly recast the FCC's suggestions as requirements. Although they argue that any permission obtained through a written application "must" include a clear statement of consent to receive fax advertisements (Supp. Br. at 8), the FCC actually stated: "a company that requests a fax number on an application form ***could*** include . . . ." 21 FCC Rcd. at 3811, ¶ 45 (emphasis added). Plaintiffs' argument disingenuously replaces the word "could" with "must." The FCC's suggestion is consistent with the TCPA's plain language, which as Plaintiffs admit, permits senders to obtain permission or invitation "in writing ***or otherwise***." 47 U.S.C. § 227(a)(5) (emphasis added).[3] Plaintiffs support their burden of proof arguments by manufacturing requirements found nowhere in any statement of law. When read in context, all that remains is an FCC comment suggesting practices to follow when recording consent. The FCC did not purport to be interpreting the statute, nor could it change the meaning of the unambiguous statutory text that requires proof of an "unsolicited" fax advertisement to establish a prima facie claim.

### III.  CONSENT IS THE CENTRAL ISSUE OF THIS CASE.

Plaintiffs argue that the Court can determine the prior express permission or invitation issue "on a classwide basis because Defendants' faxes contain no opt-out notice," but as Plaintiffs recognize, Defendants were granted a retroactive waiver of the opt-out notice requirement of 47 C.F.R. § 64.1200(a)(4)(iv) for solicited faxes sent before April 30, 2015. (Supp. Br. at 7; ECF No. 223-3.) Because all of the faxes here were sent prior to that date, (ECF No. 209 at 1), the opt-out notice requirement does not apply to the faxes sent with prior permission or invitation.

The issuance of the waiver by the Consumer & Governmental Affairs Bureau instead of the FCC Commissioners does not mean that this Court may reject the Waiver Order or review it. Any challenge to the Order waiving the opt-out notice requirement and rejecting Plaintiffs'

---

[3] Plaintiffs continue to erroneously claim that "the FCC sent a Citation *to the Defendants in this case*." (Supp. Br. at 3.) That May 2008 letter, regarding unrelated allegations, was not directed to either Defendant, or the business unit at issue here, PPS. (ECF No. 90, Ex. C.) The FCC directed a letter to Relay Health Corporation based on a single unsubstantiated complaint, stating that Relay Health "***apparently*** sent one or more unsolicited advertisements," but the FCC made no findings and identified no evidence of any violations. (*Id.* (emphasis added).)

1  "separation of powers" argument must ***first*** be raised through a petition to the FCC, and if the
2  FCC denies Plaintiffs' appeal, they must seek review in ***the court of appeals*** under the exclusive
3  jurisdiction of the Hobbs Act.  28 U.S.C. § 2342(1); 47 U.S.C. § 155(c)(7) ("The filing of an
4  application for review" by the full Commission is "a condition precedent to judicial review.");
5  *Mobilfone Serv. v. FCC*, 79 F. App'x 445, 446 (D.C. Cir. 2003).[4]

6  This district court does not have jurisdiction to review or overrule the Waiver Order.
7  28 U.S.C. § 2342(1); *Minority TV Project, Inc. v. FCC*, 736 F.3d 1192, 1211 (9th Cir. Cal. 2013)
8  (en banc) ("Jurisdiction over challenges to FCC orders lies exclusively in the court of appeals; as
9  such, federal district courts lack jurisdiction over appeals of FCC orders."); *United States v.*
10 *Dunifer*, 219 F.3d 1004, 1007 (9th Cir. 2000).  Pursuant to the Waiver Order, there is no TCPA
11 violation for any marketing faxes in this case that were sent with consent.  Unless the Waiver
12 Order is vacated by the full Commission or a court of appeals, it is binding and operative.[5]

13 Plaintiffs mischaracterize Defendants' consent position, arguing that Defendants rely on
14 consent to receiving phone calls as a defense to Plaintiffs' fax claims.  (Supp. Br. at 4.)  But
15 Defendants are merely using the terms "consent" and "invitation or permission" interchangeably,
16 as numerous courts have done.  *See Gene & Gene L.L.C. v. BioPay, L.L.C.*, 541 F.3d 318, 326-29
17 (5th Cir. 2008) (Individual question of whether "fax advertisements were transmitted without the
18 prior express invitation or permission of each recipient" prevented plaintiff from "advanc[ing]
19 any viable theory employing generalized proof concerning the lack of consent with respect to the
20 class."); *Bridging Communities, Inc. v. Top Flite Fin., Inc.*, No. 09-14971, 2013 WL 2417939, at
21 *3 (E.D. Mich. June 3, 2013) ("even assuming that B2B did not obtain 'express invitation or
22 permission' from any of the proposed class members, that certainly does not foreclose the

---

[4] Acknowledging that this is the required route for review, Plaintiffs filed an Application for Review of the Waiver Order by the full Commission on September 28, 2015.  McKesson Corporation filed its opposition to that application on October 13, 2015.  Any questions about the outcome of those proceedings would warrant a stay of this action while Plaintiffs try to invalidate the waiver properly granted to Defendants.

[5] Plaintiffs argue that "this Court should follow *Doctor Diabetic* and hold the effect of the 'waiver' is one of the 'class issues' for decision," (Supp. Br. at 8), but even if there is one common legal question, that is not enough to certify this class.  *Doctor Diabetic* is also inapposite because, unlike this case, the defendant there had "not yet presented any evidence of express invitation or permission from any recipient."  2014 WL 7366255, at *3.

possibility that some . . . gave consent to Defendant"); Supp. Br. at 3 (Plaintiffs admit that courts have used the terms interchangeably). Even the FCC uses the terms interchangeably; the fax regulation that Plaintiffs cite, 21 FCC Rcd. 3787, uses the word "consent" throughout, along with "invitation" or "permission." *See also id.* ¶ 35 (consistency with phone provisions). The meaning of these terms is the same, and this Court has also recognized that "consent" is relevant in this fax case. (ECF No. 241; Sept. 24, 2015 Hearing Tr. at 15:1-5.)

Given the similarity between the call and fax provisions, courts have relied on TCPA call cases when adjudicating TCPA fax cases.[6] The "consent" analysis is equally applicable to "invitation or permission," and *Meyer*, *Fields*, and *Smith* are directly on point.[7] Plaintiffs' suggestion that Congress intended to make it easier for plaintiffs to prove TCPA claims for an unsolicited fax as opposed to an unsolicited cell phone call (Supp. Br. at 4-6) is nonsensical and has no textual basis. The out-of-circuit district court cases that Plaintiffs cite are inapposite as those defendants presented no evidence of consent,[8] and those cases do not eliminate Plaintiffs' burden at class certification.

Plaintiffs' assertion that Defendants are attempting to "walk away from their TCPA violations scot-free," (Supp. Br. at 10), assumes that Plaintiffs can prove there was any violation at all. Yet Plaintiffs cannot obtain certification when individual evidence must be examined to determine if there is *any* liability for each of the 11,979 customers at issue.

---

[6] Even Plaintiffs' own fax case citation, *Chapman v. Wagener Equities, Inc.*, No. 09-C-07299, 2014 WL 540250, at *17 (N.D. Ill. Feb. 11, 2014), relies on two TCPA call cases.

[7] Contrary to Plaintiffs' assertion, *Ott v. Mortgage Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1065 (D. Or. 2014), did not hold that the Ninth Circuit's burden "statement in *Meyer* was dicta." (Supp. Br. at 5.) In fact, the *Meyer* court held that the "elements of a TCPA claim" include proof of a call "without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[8] *Around the World Travel, Inc. v. Unique Vacations, Inc.*, No. 14-CV-12589, 2014 WL 6606953, at *2 (E.D. Mich. Nov. 19, 2014) ("defendant has not proffered any evidence that any of the faxes at issue in this case were solicited faxes"); *Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 67 F. Supp. 3d 874, 884 (N.D. Ill. 2014) ("there was no evidence in the record that any of the alleged recipients of the WEI fax consented to receive the fax"); *Spine & Sports Chiro., Inc. v. ZirMed, Inc.*, No. 13-CV-00489, 2014 WL 2946421, at *19 n.22 (W.D. Ky. June 30, 2014) ("ZirMed has produced no evidence with which to meet this burden."); *Green v. Serv. Master On Location Servs. Corp.*, No. 07-C-4705, 2009 WL 1810769, at *2-3 (N.D. Ill. June 22, 2009) (defendant only sent to "a list that it purchased" and company "never received express permission from anyone to send the faxes"); *Sadowski v. Med1 Online, LLC*, No. 07-C-2973, 2008 WL 2224892, at *3-4 (N.D. Ill. May 27, 2008) (court did not analyze any consent evidence, and Plaintiffs rely on quotation that "Defendant ultimately has the burden" for the "established business relationship"). (Supp. Br. at 3.)

| | | |
|---|---|---|
| Dated: October 23, 2015 | | TIFFANY CHEUNG<br>BEN PATTERSON<br>MORRISON & FOERSTER LLP |
| | By: | _/s/Tiffany Cheung_<br>TIFFANY CHEUNG<br>Attorneys for Defendants<br>MCKESSON TECHNOLOGIES, INC.<br>AND MCKESSON CORPORATION |