UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MCKESSON CORPORATION, et al.,<br><br>    Defendants. | Case No.13-cv-02219-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 208 |

On July 15, 2015, Defendants moved to stay the this action pending resolution of (1) McKesson's Petition with the Federal Communications Commission ("FCC") for retroactive waiver of opt-out notices for solicited faxes, and (2) the D.C. Circuit's resolution of consolidated appeals of the FCC's October 30, 2014 order. Dkt. No. 208.

A court, in evaluating a motion to stay, must weigh the competing interests at stake. *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962). Among the competing interests are: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer by being required to proceed; and (3) the stay's potential effect on the orderly course of justice, measured in terms of simplifying or complicating issues, proof, and questions of law. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The first basis for the stay is moot. The FCC granted the petition for a retroactive waiver on August 28, 2015. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 8598, 8613 (2015). Moreover, having weighed the competing interests identified in *Lockyer*, the Court finds that on balance a stay pending resolution of the

1  appeals before the D.C. Circuit is not appropriate.  The motion is denied.

2  **IT IS SO ORDERED.**

3  Dated:  9/27/2016

            *Haywood S. Gilliam Jr.*
            HAYWOOD S. GILLIAM, JR.
            United States District Judge