UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** <br><br> Re: Dkt. No. 301 |

On January 2, 2019, Defendants McKesson Technologies Inc. and McKesson Corporation (collectively, "McKesson") filed a motion for relief from an order by Magistrate Judge Ryu denying Defendants' motion to compel discovery from Plaintiffs True Health Chiropractic, Inc. and McLaughlin Chiropractic Associates, Inc. (collectively, "True Health"), *see* Dkt. No. 301 ("Mot."). Briefing on the motion is complete, *see* Dkt. Nos. 306 ("Opp."), 307 ("Reply"). For the reasons detailed below, the Court finds Judge Ryu's order well-reasoned and legally correct, and accordingly **DENIES** the motion.[1]

## I. BACKGROUND

This is a putative class action alleging the receipt of unsolicited faxed advertisements in violation of the Telephone Consumer Protection Act ("TCPA"). *See* Dkt. No. 90. During discovery, McKesson identified three groups of consent defenses that it argued relieved it of TCPA liability and produced three exhibits (Exhibits A, B, and C) corresponding to the consent-defense groups. True Health later moved to certify a single class of all putative class members. Dkt. No. 209. The Court denied certification on the basis that Plaintiffs failed to satisfy Rule

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

23(b)(3)'s predominance requirement. Dkt. No. 260. Because the Court denied certification for failure to satisfy predominance, the order did not address other Rule 23 requirements.

On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923 (9th Cir. 2018). The Ninth Circuit ruled that this Court should have considered the certification of subclasses tracking Defendants' consent-defense groups identified in Exhibits A, B, and C. *Id.* at 930–31. The Ninth Circuit then (1) held that putative class members only in Exhibit A satisfy Rule 23(b)(3)'s predominance requirement; (2) held that putative class members in Exhibit C do not satisfy Rule 23(b)(3)'s predominance requirement; and (3) remanded to this Court to determine whether putative class members in Exhibit B satisfy Rule 23(b)(3)'s predominance requirement. *Id.* at 933. As to Exhibit B alone, the Ninth Circuit added:

> Given the somewhat unclear state of the record, and given that the district court has not had an opportunity to address class certification in light of our intervening decision in *Van Patten*, we view these and other issues related to Exhibit B as best addressed in the first instance by the district court on remand.

*Id.* The Ninth Circuit left it to this Court, "in its discretion, to allow supplementation of the record in light of *Van Patten* and this opinion." *Id.*

Following remand, the Court held a case management conference, at which it reopened fact discovery for the limited purpose of supplementing the record in light of *Van Patten*, as to putative class members in Exhibit B. *See* Dkt. No. 285. Over Defendants' objections, the Court did not permit broader fact discovery. *Id.* at 14:21–24. Undeterred, Defendants later sought discovery from Plaintiffs unrelated to the predominance inquiry for Exhibit B putative class members. Plaintiffs objected to the requests as beyond the scope of allowable discovery, and Defendants asked Magistrate Judge Ryu to compel such discovery. *See* Dkt. No. 294. Magistrate Judge Ryu denied Defendants request as inconsistent with this Court's instruction at the post-remand case management conference. Dkt. No. 300. Defendants now seek relief from Magistrate Judge Ryu's order. Dkt. No. 301.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate

2

judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "The Court can overturn the "magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." *Id.* (citations and internal quotation marks omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2013 WL 3456942, at *1 (N.D. Cal. July 8, 2013) (internal quotation marks omitted) (alterations in the original).

## III. DISCUSSION

In their motion, Defendants argue that this Court did not cabin the reopened fact discovery to the predominance inquiry for Exhibit B putative class members, because the Court must address other Rule 23 requirements on remand. Mot. at 2–4. Defendants thus seek discovery related to "the requirements of adequacy and typicality." *Id.* at 2. First, as Magistrate Judge Ryu recognized in her order, this Court directly limited the scope of fact discovery at the post-remand case management conference. *See* Dkt. No. 300 at 3; *see also* Dkt. No. 285 at 10:17–14:24 (explaining that the Court was only reopening discovery as to Exhibit B putative subclass members and "evidence that would establish or refute predominance as to that subclass").

Second, that this Court must address Rule 23's adequacy and typicality requirements following remand is beside the point. The parties fully briefed all Rule 23 requirements—including adequacy and typicality—during the initial class certification briefing, and in doing so relied on hundreds of pages of documents in the record. *See* Dkt. Nos. 209, 220, 221. Defendants at no point challenged the adequacy of the record during that briefing or before this Court issued its class certification order. Most important, nothing in the Ninth Circuit's order remanding this case changed the adequacy and typicality analysis so as to warrant further fact discovery on issues Defendants had a full opportunity to develop and brief years ago. The only area of the record the Ninth Circuit found might require further factual development concerned the predominance

3

requirement and Exhibit B putative subclass members. *See True Health Chiropractic, Inc.*, 896 F.3d at 933. Consistent with the Ninth Circuit's statements, this Court permitted limited additional fact discovery on that topic, and it appears that discovery may have served a purpose: Plaintiffs do not seek certification of the subclass of persons or entities listed in Exhibit B in their renewed motion for class certification. *See* Dkt. No. 292 at 1–2.

**IV. CONCLUSION**

The Court **DENIES** Defendants' request for relief from Magistrate Judge Ryu's Order.

**IT IS SO ORDERED.**

Dated: 1/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge