UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Case No. 13-cv-02219-HSG<br><br>**ORDER REGARDING SUMMARY JUDGMENT PROCEDURE AND DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 317 |

Currently pending before the Court is Plaintiffs' renewed motion for class certification. Dkt. No. 292. At the hearing on the motion, the Court advised the parties that it was inclined to permit narrow summary judgment briefing before ruling on the renewed motion for class certification. Due to some opposition by Plaintiffs, the Court permitted limited briefing on whether this procedure was permissible, which has since been completed. *See* Dkt. Nos. 316, 319. After carefully considering the parties' arguments, the Court finds that limited summary judgment briefing is both permitted and warranted in these circumstances. Accordingly, the Court finds in its discretion that Defendants may move for summary judgment as to whether voluntarily providing a fax number on product registration and/or agreeing to the End User License Agreement constitutes express permission. The parties are directed to meet and confer and submit a stipulated summary judgment briefing schedule by April 19, 2019. The proposed schedule should include an August 1, 2019 hearing date and briefing should be completed by July 1, 2019.

Also pending before the Court is Defendants' motion to stay the action pending the Supreme Court's decision on Defendants' pending petition for writ of certiorari, briefing for

which is complete. *See* Dkt. Nos. 317, 318, 321.[1] A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A court, in evaluating a motion to stay, must weigh the competing interests at stake. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among the competing interests are: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer by being required to proceed; and (3) the stay's potential effect on the orderly course of justice, measured in terms of simplifying or complicating issues, proof, and questions of law. *Lockyer*, 398 F.3d at 1110.

The Court finds that a stay is not warranted under the circumstances. Not only will little hardship or inequity occur if the case moves forward without a stay, but the likelihood of any simplification of the case is slight, given how infrequently the Supreme Court grants petitions for writ of certiorari. The Court thus **DENIES** Defendants' motion to stay.

**IT IS SO ORDERED.**

Dated: 4/17/2019

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).