UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Case No. 13-cv-02219-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 293 |

Pending before the Court is an administrative motion to file under seal several exhibits filed in support of Plaintiffs' renewed motion for class certification. Dkt. No. 293. Having carefully considered the pending motion and supporting declaration, the Court **GRANTS** the motion.

## I.  LEGAL STANDARD

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

1  and justify sealing court records exist when such court files might have become a vehicle for

2  improper purposes, such as the use of records to gratify private spite, promote public scandal,

3  circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation

4  omitted).  The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

8  *Id*. (citations, brackets, and quotation marks omitted).

9        Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking

10  to file under seal must submit "a request that establishes that the document, or portions thereof, are

11  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The

12  request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civil L.R. 79-

13  5(b).  Courts have found that "confidential business information" in the form of "license

14  agreements, financial terms, details of confidential licensing negotiations, and business strategies"

15  satisfies the "compelling reasons" standard.  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-

16  MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information

17  "prevent[ed] competitors from gaining insight into the parties' business model and strategy");

18  *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.

19  June 30, 2015).

20        Finally, records attached to motions that are only "tangentially related to the merits of a

21  case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.,*

22  *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records need

23  only meet the lower "good cause" standard of Rule 26(c).  *Id*. at 1097.  The "good cause" standard

24  requires a "particularized showing" that "specific prejudice or harm will result" if the information

25  is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

26  Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

27  //

28  //

## II. DISCUSSION

Plaintiffs seek to file under seal exhibits attached to their renewed motion for class certification. "The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for the purposes of determining whether the compelling reasons standard applies" to a sealing request. *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2014 WL 1677815, at *2 (N.D. Cal. Apr. 28, 2014) (internal quotation marks omitted). Courts in this district, however, tend to consider class certification motions as dispositive where "denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779 (N.D. Cal. Jan. 15, 2013) (quoting *Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000)); *see also Aldapa v. Fowler Packing Co.*, No. 1:15-cv-00420-DAD-SAB, 2017 WL 2546606, at *2 n.2 (E.D. Cal. June 13, 2017) (applying "compelling reasons" standard where the certification issues were "clearly more than tangentially related to the merits of the case" and where denial of certification "would almost certainly be dispositive of th[e] case").

Regardless of which standard applies, the Court finds Plaintiffs have met their sealing burden. Plaintiffs here seek to seal nonpublic lists of Defendants' customers, which contain personally identifiable information. As Defendants note in their Rule 79-5 declaration in support of Plaintiffs' motion, this is "competitively sensitive customer information." Dkt. No. 298 at 2. Such customer lists generally constitute trade secrets, which the Ninth Circuit has held is sealable under the heightened "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1179. The Court further finds that there is little public interest in the release of the customer lists, the particular contents of which have little to do with the merits of this case. On the other hand, the interest of Defendants in keeping potentially trade secret information confidential is high. The balance of interests thus tips in favor of keeping the information under seal. *See id.* (requiring a balancing of the interests).

//

//

//

### III. CONCLUSION

The Court **GRANTS** Plaintiffs' administrative sealing motion. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 8/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge