1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as the representative of a class of similarly-situated persons,

Plaintiffs,

v.

MCKESSON CORPORATION, MCKESSON TECHNOLOGIES, INC., and JOHN DOES 1-10,

Defendants.

No. 4:13-cv-02219-HSG

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Hon. Judge Haywood S. Gilliam, Jr.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter coming before the Court on Plaintiff's Motion for Summary Judgment, the Court having previously certified a Class, the Court hereby enters summary judgment pursuant to Fed. R. Civ. P. 56(a) on behalf of the Class and against Defendants McKesson Corporation ("McKesson Corp.") and McKesson Technologies, Inc. ("MTI") (collectively, "Defendants"), as follows:

(1) the Court finds no genuine issue of material fact that each of the 34 fax templates sent to the Class is an "advertisement" under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(a)(5), and 47 C.F.R. § 64.1200(f)(1);

(2) the Court finds no genuine issue of material fact that each Defendant is a "sender" of the faxes as defined by 47 C.F.R. § 64.1200(f)(10);

(3) the Court finds no genuine issue of material fact that Defendants successfully sent the 34 fax templates to the Class in 48,769 fax transmissions using a "telephone facsimile machine, computer, or other device" to "telephone facsimile machine[s]," under 47 U.S.C. § 227(b)(1)(C);

(4) the Court finds no genuine issue of material fact that Defendants' affirmative defense that they obtained "prior express invitation or permission" to send fax advertisements to the Class via a software registration or End-User License Agreement ("EULA") fails as a matter of law;

(5) the Court finds no genuine issue of material fact that Defendants' affirmative defense that they sent the Class fax advertisements pursuant to an "established business relationship" ("EBR") under 47 U.S.C. § 227(b)(1)(C)(i)–(iii) fails because the faxes lack an opt-out notice complying with the requirements of 47 U.S.C. § 227(b)(1)(C)(iii); and

(6) the Court finds no genuine issue of material fact that Defendants "willfully or knowingly" violated the TCPA, and that an increase in the statutory damages from $500 per violation to $1,500 per violation is necessary in order to deter Defendants from future TCPA violations.

Thus, based on the 48,769 "unsolicited advertisements" sent by facsimile to the Class in violation of the TCPA, 47 U.S.C. § 227(b)(1)(C), and based on Defendants' willful or knowing violations, the Court enters judgment against Defendants in the amount of $73,153,500.

Date: _____                    _____
                                               Hon. Haywood S. Gilliam, Jr.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT