UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **ORDER DENYING DEFENDANT MTI'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER** <br><br> Re: Dkt. No. 353 |

On May 15, 2013, Plaintiff True Health Chiropractic Inc. ("True Health") filed its complaint against Defendant McKesson Corporation. Dkt. No. 1. After filing a First Amended Complaint on June 20, 2013, True Health sought leave from the Court to file a Second Amended Complaint. Dkt. No. 69. The Court granted Plaintiff's request and it filed its Second Amended Complaint on July 18, 2014, where it added McKesson Technologies, Inc. ("MTI") as a Defendant. Dkt. No. 90. MTI filed its answer on August 22, 2014. Dkt. No. 104. On February 12, 2020, MTI filed this motion for leave to file an amended answer, to change paragraph 20: its admission that Exhibit C to the Second Amended Class Action Complaint "appears to be a true and correct copy of a document received by MTI" from the Federal Communications Commission ('FCC'). Dkt. No. 353 ("Mot.") at 2. True Health filed its opposition to this motion on February 26, 2010, Dkt. No. 357 ("Opp."), and MTI filed its reply on March 4, 2020, Dkt. No. 359 ("Reply").

I.  **LEGAL STANDARD**

    A.  **Amendment of Pleadings**

    Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ.

P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that the Court

> must issue a scheduling order [that] limit[s] the time to join other parties, *amend the pleadings*, complete discovery, and file motions
> . . . .
> A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

If the Court finds that the good cause requirement of Rule 16 is met, the moving party "must then demonstrate that the motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-cv-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015). The five factors relevant to determining proper amendment under Rule 15 are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

## II. ANALYSIS

MTI argues that Rule 16's "good cause" standard does not apply because the "Court never set a scheduling order deadline to amend the pleadings." Mot. at 4. However, contrary to this statement, the December 3, 2014 scheduling order specifically stated that "[f]urther amendment of the pleadings would require a showing of good cause." Dkt. No. 142. Although the Court subsequently amended some of the deadlines after the case was reassigned, appealed, and remanded, *see* Dkt. Nos. 177, 286, it did not vacate the good cause requirement for amendment of

2

pleadings. Accordingly, MTI must meet the good cause standard.

MTI argues that it meets the standard because it does not seek "to add a new theory to the case, necessitate further discovery, or delay any dispositive motion, pretrial, or trial deadlines." Mot. at 7 (citing rom *Earth Island Inst. v. Elliott*, 318 F. Supp. 3d 1155, 1170–71 (E.D. Cal. 2018), *appeal dismissed as moot*, 775 F. App'x 312 (9th Cir. 2019)). This case, however, is distinguishable. In *Earth Island*, "[o]nce Federal Defendants pointed out that the operative Complaint did not cite one of the CEs at issue, Plaintiffs promptly sought to amend the Complaint to bring it into conformance with the issues the parties have briefed both in the present motion and in prior rounds of motions practice." 318 F. Supp. 3d at 1171. Here, MTI seeks to change an admission that has been consistently pointed to by Plaintiffs in motions practice throughout the life of the case. *See e.g.*, Dkt. Nos. 209, 244, 248, 292. Although MTI points to some evidence indicating that that admission was in error, this is hardly the circumstance faced in *Earth Island*, where the party seeking amendment acted quickly once becoming aware of the error.

Importantly, the good cause requirement "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The Court granted MTI's request to substitute counsel on February 18, 2015. Dkt. No. 161. By at least October 2015, if not sooner, new counsel became aware of the apparent error in MTI's answer—Plaintiffs filed a supplemental brief in support of its initial motion for class certification on October 16, 2015 where they specifically cited paragraph 20 of Defendants' answers. *See* Dkt. No. 244 at 4 ("The FCC attached a copy of 47 U.S.C. § 227 and § 64.1200 and warned Defendants that in the event of a complaint or dispute, the burden rests with the fax sender to demonstrate that it either obtained prior express invitation or permission to send the facsimile advertisement or satisfied all the criteria necessary to invoke the established business relationship exemption. Both Defendants admit they received this document. (Docs. 103 & 104, ¶ 20).") (internal citation omitted). MTI and counsel have been aware of this apparent error for over four years, but only now bring this motion to amend their answer to "align with sworn testimony." Mot. at 4. Defendant MTI should have done so sooner. Instead, as it has been doing in motions practice, MTI will have the opportunity to present evidence at trial putting this admission into question. As MTI suggests,

3

discovery on this point has been completed, and it has testimony that it may permit to show that this point is in dispute, despite any previous pronouncements.

Because MTI fails to show good cause for leave to file its amended answer, the Court **DENIES** its motion. However, as MTI notes, "a motion to amend is not necessarily required to retract a judicial admission asserted in a prior pleading." *Schwartz v. Adams Cty.*, No. CV 09-019-SEJLCWD, 2010 WL 2011582, at *4 (D. Idaho May 20, 2010) (citing *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995)). MTI has already laid a foundation to find that it has retracted its judicial admission through its briefs opposing both the original and renewed class certification motions, *see* Dkt. Nos. 247, 302, and the evidentiary support submitted with this motion, *see* Dkt. Nos. 353-3, 353-4, 353-5, 353-6. Thus, there remains no concern that the Court's denial of MTI's motion would result prejudice to MTI "on the basis of [ ] technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

**IT IS SO ORDERED.**

Dated: 3/16/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge