1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    TRUE HEALTH CHIROPRACTIC INC, et          Case No.  13-cv-02219-HSG
     al.,
8                                              **ORDER GRANTING
                    Plaintiffs,                ADMINISTRATIVE MOTION TO FILE
9                                              UNDER SEAL**
            v.
10                                             Re: Dkt. No. 365
     MCKESSON CORPORATION, et al.,
11
                    Defendants.
12

13          Pending before the Court is an administrative motion to file under seal several exhibits

14   filed in support of Defendants' motion to decertify and motion for partial summary judgment.

15   Dkt. No. 365.  Having carefully considered the pending motion and supporting declaration, the

16   Court **GRANTS** the motion.

17   **I.     LEGAL STANDARD**

18          For motions to seal that comply with the local rules, courts generally apply a "compelling

19   reasons" standard.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010).  "This

20   standard derives from the common law right 'to inspect and copy public records and documents,

21   including judicial records and documents.'"  *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*,

22   447 F.3d 1172, 1178 (9th Cir. 2006)).  "Unless a particular court record is one traditionally kept

23   secret, a strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178

24   (quotation marks and citation omitted).  To overcome this strong presumption, the moving party

25   must "articulate compelling reasons supported by specific factual findings that outweigh the

26   general history of access and the public policies favoring disclosure, such as the public interest in

27   understanding the judicial process."  *Id*. at 1178–79 (citations, quotation marks, and alterations

28   omitted).  "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

United States District Court
Northern District of California

1    and justify sealing court records exist when such court files might have become a vehicle for

2    improper purposes, such as the use of records to gratify private spite, promote public scandal,

3    circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation

4    omitted).  The Court must:

5              balance the competing interests of the public and the party who seeks
              to keep certain judicial records secret.   After considering these
6              interests, if the Court decides to seal certain judicial records, it must
              base its decision on a compelling reason and articulate the factual
7              basis for its ruling, without relying on hypothesis or conjecture.

8    *Id*. (citations, brackets, and quotation marks omitted).

9         Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking

10   to file under seal must submit "a request that establishes that the document, or portions thereof, are

11   privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The

12   request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civil L.R. 79-

13   5(b).  Courts have found that "confidential business information" in the form of "license

14   agreements, financial terms, details of confidential licensing negotiations, and business strategies"

15   satisfies the "compelling reasons" standard.  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-

16   MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information

17   "prevent[ed] competitors from gaining insight into the parties' business model and strategy");

18   *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.

19   June 30, 2015).

20        Finally, records attached to motions that are only "tangentially related to the merits of a

21   case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.,*

22   *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records need

23   only meet the lower "good cause" standard of Rule 26(c).  *Id*. at 1097.  The "good cause" standard

24   requires a "particularized showing" that "specific prejudice or harm will result" if the information

25   is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

26   Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

27

28

United States District Court
Northern District of California

**II.     DISCUSSION**

Defendants' filings in connection with its motion to decertify the class are more than tangentially related to the underlying cause of action, so the Court applies the "compelling reasons" standard.[1]

The Court finds Defendants have met their sealing burden.  Defendants here seek to seal nonpublic spreadsheets containing personally identifiable information for Defendants' customers.  Dkt. No. 365 at 2.  As Defendants note in their Rule 79-5 declaration, this is "competitively sensitive information."  Dkt. No. 365-1 at 2–3.  Such customer information generally constitutes trade secrets, which the Ninth Circuit has held is sealable under the heightened "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1179.  The Court further finds that there is little public interest in the release of the spreadsheets detailing customer information, the particular contents of which have little to do with the merits of this case.  On the other hand, the interest of Defendants in keeping potentially trade secret information confidential is high.  The balance of interests thus tips in favor of keeping the information under seal.  *See id.* (requiring a balancing of the interests).

**III.     CONCLUSION**

The Court **GRANTS** Defendants' administrative sealing motion.  Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated:  12/24/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] As noted, Defendants also offered these exhibits in support of Defendants' concurrently filed motion for partial summary judgment, but the Court has deferred ruling on that motion.

United States District Court
Northern District of California