TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
BONNIE LAU (CA SBN 246188)
BLau@mofo.com
ANGELA E. KLEINE (CA SBN 255643)
AKleine@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

ERIN P. LUPFER (CA SBN 317994)
ELupfer@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendants
MCKESSON TECHNOLOGIES INC. and
MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as the representatives of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON TECHNOLOGIES INC., and DOES 1-10,<br><br>Defendants. | Case No. 4:13-cv-02219-HSG (DMR)<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO COURT'S PROPOSAL REGARDING UPDATED NOTICE**<br><br>The Hon. Haywood S. Gilliam, Jr. |

Defendants respectfully object to the updated notice proposal, (ECF 393 at 14:22-25), because notice of the pending action has already been sent to the Stand-Alone Fax Machine Subclass and Online Fax Services Subclass, and they have had an opportunity to opt out.

**I.   A SECOND ROUND OF CLASS NOTICE IS NOT WARRANTED.**

The Court certified the original Class on August 13, 2019.  (ECF 331 at 28:3-10.)  Class members were sent notice on October 29, 2019,[1] which included a warning that they would "be bound by the result of the lawsuit, whether that result is favorable or unfavorable" if they remained in the Class.  (ECF 360-2, Ex. H ¶ 9; 347-1 at 2.)  Class members had until January 28, 2020, to opt out of the Class (*id.*), and nine opt-outs were received.  (ECF 360-2, Ex. H ¶ 18.)

On December 24, 2020, the Court modified the Class definition but did not enlarge or change the size of the Class.  The Court simply divided the *existing* Class members into two subclasses: (1) a Stand-Alone Fax Machine Subclass; and (2) an Online Fax Services Subclass.  (ECF 393 at 11:16-12:7.)

Due process does not require updated class notice, because notice was sent to both Subclasses, with an opportunity to opt out, when the original Class was certified.  *See Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018) ("[D]ue process requires that class members be given a *single* opportunity to opt out of a Rule 23(b)(3) class.") (emphasis added).  Additional notice is only necessary if the class composition changes.  Where the class size *increases*, "notice—including an opportunity to request exclusion—must be directed to the new class members."  Fed. R. Civ. P. 23 advisory committee's note to 2003 Amendment.  Where the class size *decreases*, updated notice may be sent to alert excluded class members that the statute of limitations has begun to run again on their individual claims.  *See Wit v. United Behav. Health*, 2020 WL 6462401, at *5 (N.D. Cal. Nov. 3, 2020).  Neither scenario applies here, where the class size has not changed, making updated notice an unnecessary expense that serves to further delay resolution of this case.

---

[1] Defendants reserve all rights and objections regarding the original notice process, as detailed in ECF 379 at 8:22-28 n.8 and ECF 376 at 5:26-27 n.4.  Plaintiffs have not identified any method for curing the deficiencies or proposed an appropriate form of updated notice.  (ECF 394-1, Exs. A-B.)

**II.     THE COURT SHOULD NOT ALLOW A SECOND OPPORTUNITY TO OPT OUT.**

Class members should not be permitted a second opportunity to opt out.  Courts generally restrict further opt-outs to three main situations: when the original opt-outs were improperly obtained,[2] when the original notice was inadequate,[3] or following settlement of a Rule 23(b)(3) class.[4]  None of those situations apply here.  Instead, where the opt-out period and notice comported with due process, courts generally decline to allow a second opt-out opportunity.  *See, e.g.*, *Low*, 881 F.3d at 1121 (holding that due process did not compel a second opt-out opportunity); *Wright v. Renzenberger, Inc.*, 2019 WL 8163480, at *7 n.9 (C.D. Cal. Nov. 25, 2019) (no second chance to opt out "since class members were previously provided an opportunity to opt out"); *Baker v. SeaWorld Entm't, Inc.*, 2020 WL 818893, at *5 (S.D. Cal. Feb. 19, 2020) (declining to allow second opt-out opportunity because class already had "ample opportunity" during original notice period); *Edwards v. First Am. Corp.*, 2016 WL 8943464, at *12 (C.D. Cal. June 20, 2016) ("a second opportunity to opt-out is not necessary" because class members had already been "given direct notice of certification and the opportunity to opt-out").

Here, notice of the pending action was sent to both Subclasses and they had adequate opportunity to opt out, so Subclass members should be bound by the Court's future summary judgment rulings,[5] including any ruling that "the Online Fax Service subclass has no cause of action as a matter of law[.]"  (*See* ECF 393 at 14:19-20.)  Accordingly, Defendants respectfully request that the Court decline to provide a second opt-out opportunity to the Subclasses.

---

[2] *See Wang v. Chinese Daily News, Inc.*, 236 F.R.D. 485, 489 (C.D. Cal. 2006) (invalidating opt-outs that "were the product of a coercive environment" and thus "not the product of independent decision-making" and permitting new notice and opt-out period), *aff'd*, 623 F.3d 743 (9th Cir. 2010), *judgment vacated on other grounds*, 565 U.S. 801 (2011).

[3] *See Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 2017 WL 3276843, at *3 (S.D. Cal. Aug. 2, 2017) (second chance to opt out because "material omission" rendered first notice "inadequate").

[4] Fed. R. Civ. P. 23(e)(4) ("[C]ourt may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.").  But "while some class action settlements allow a second opt-out opportunity, 'they are unusual and probably result from the bargaining strength of the class negotiators[ ]' rather than any due process concerns." *Low*, 881 F.3d at 1121 (quoting *Officers for Just. v. Civil Serv. Comm'n of City & Cnty. of SF*, 688 F.2d 615, 635 (9th Cir. 1982)).

[5] "Once a class action has been certified as such and proper notice given to the class members, summary judgment is binding on all class members who did not opt out." *The Wagstaffe Practice Guide: Federal Civil Procedure Before Trial* § 32-IX, 32.489 (2017).

| | | |
|---|---|---|
| 1 | Dated: January 19, 2021 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: _/s/ Tiffany Cheung_ |
| 4 | | TIFFANY CHEUNG |
| 5 | | Attorneys for Defendants MCKESSON TECHNOLOGIES INC. and MCKESSON CORPORATION |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28