UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **ORDER ENTERING SUMMARY JUDGMENT AGAINST THE ONLINE FAX SERVICES CLASS** |

On March 5, 2020, Defendants moved to decertify in light of a ruling by the Consumer and Government Affairs Bureau of the FCC stating that an "online fax service" is not a "telephone facsimile machine" under the Telephone Consumer Protection Act. *See In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005*, CG Dkt. Nos. 02-278, 05-338, 2019 WL 6712128, ¶ 3 (Dec. 9, 2019) ("*Amerifactors*"). The Court denied Defendants' motion to decertify, but modified the class definition to include a Stand-Alone Fax Machine Class and an Online Fax Services Class. Dkt. No. 393 ("Order"). The Court later indicated its view that summary judgment should be entered against the Online Fax Services Class as a matter of law based on the analysis in its Order. Dkt. No. 400.

The Court "may enter summary judgment sua sponte against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982)). The Court allowed Plaintiffs to submit a statement raising any arguments as to why summary judgment against the Online Fax Services Class would be inappropriate without rearguing any issues already decided by the Court's Order. Dkt. No. 400.

Plaintiffs responded indicating they wished to stand on arguments already made in connection with the decertification motion and their motion for summary judgment in favor of the Online Fax Services Class. Dkt. No. 402 at 3. But Plaintiffs contended that the Court "should not decide the merits of a certified Rule 23(b)(3) class's claims until after notice has been sent and the period to request exclusion from the class (the 'opt-out' deadline) has passed." *Id.*

The parties have since provided updated class notice and the opt-out deadline, April 20, 2021, has passed, and Plaintiffs' arguments have been preserved for the record. The Court maintains its view that the Online Fax Services Class has no cause of action as a matter of law under *Amerifactors*. And the Court finds that Plaintiffs have had a "full and fair opportunity to ventilate the issues involved." *See Gospel Missions*, 328 F.3d at 553. Accordingly, the Court enters summary judgment against the Online Fax Services Class.

**IT IS SO ORDERED.**

Dated: August 13, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge