ROBERT C. SCHUBERT (SBN 62684)
WILLEM F. JONCKHEER (SBN 178748)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
rschubert@sjk.law
wjonckheer@sjk.law

BRIAN J. WANCA (*pro hac vice*)
RYAN M. KELLY (*pro hac vice*)
ROSS M. GOOD (*pro hac vice*)
GLENN L. HARA (*pro hac vice*)
ANDERSON & WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com
ghara@andersonwanca.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiffs,<br>v.<br><br>MCKESSON CORPORATION, MCKESSON TECHNOLOGIES, INC., and JOHN DOES 1-10,<br><br>Defendants. | No. 4:13-cv-02219-HSG<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY CLASS SHOULD NOT BE DECERTIFIED**<br><br>District Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Trial Date: October 18, 2021<br>Time: 8:30 a.m. |

In compliance with the Court's Order to Show Cause Why the Class Should Not Be Decertified (ECF No. 476), Plaintiff McLaughlin Chiropractic Associates, Inc. ("McLaughlin") submits the following memorandum.

# I. The Court Should Not Decertify the Class Because the Predominance Requirement Remains Satisfied.

## A. Most of the Central Issues in this Litigation Have Already Been Resolved both Class-Wide and in Favor of the Class Members.

The predominance inquiry does not demand that every issue in the case be capable of resolution via class-wide proof. Rather, it asks whether the common questions represent a "significant aspect" of the case. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018) ("When certification is sought for a litigation class, the predominance inquiry under Rule 23(b)(3) asks whether common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.") (internal quotation and citation omitted). Moreover, even issues or defenses that must be litigated individually do not preclude predominance so long as "central issues in the action are common to the class." *Id.* ("when one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately") (internal quotation and citation omitted). The progress in this case since the Ninth Circuit's decision and this Court's certification of a class demonstrates that the predominance standard was satisfied then and remains satisfied now.

On August 13, 2019, this Court certified a class essentially consisting of the recipients of one or more of thirty-four fax templates ("the subject faxes") touting various software products of the Defendants. *See generally* Order Denying Motion for Summary Judgment and Granting Renewed Motion for Class Certification (ECF No. 331). Four months after that decision, a sub-unit of the Federal Communications Commission ("FCC") issued a "Declaratory Ruling" in which it concluded that "faxes sent to 'online fax services' are not faxes sent to 'telephone facsimile machines." *In re Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005*, CG Dkt. Nos. 02-278,

05-338, 2019 WL 6712128, ¶ 2 (Dec. 9, 2019) ("*Amerifactors*"). Upon concluding the *Amerifactors* decision was "a final, binding order for purposes of the Hobbs Act," this Court modified the original class definition to create two sub-classes. *See* Order Denying Motion to Decertify the Class (ECF 393), p. 11 ("the Court finds that *Amerifactors* is a final, binding order for purposes of the Hobbs Act.") *and* Order to Show Cause Why Class Should Not Be Decertified (ECF No. 476), p. 7, fn. 3 ("the FCC's decision is binding on this Court"). The first subclass ("the Stand-Alone Fax Machine Class") consisted of those persons who received one or more of the thirty-four subject faxes via "stand-alone fax machine"; the second sub-class ("the Online Fax Services Class") consisted of those persons who received one or more of the thirty-four subject faxes via an "online fax service." *See* Order Denying Motion to Decertify Class (ECF No. 393), p. 11 ("in light of *Amerifactors,* the Court modifies the class definition to create a Stand-Alone Fax Machine Class and an Online Fax Services Class.")

Since that decision, the only two defenses to a junk fax claim set forth in the text of the TCPA, the permission defense[1] and the "established business relationship" defense,[2] have been resolved class-wide in favor of the class members. In their brief opposing summary judgment, McKesson Corp. and MTI informed – nearly a decade into this litigation – that they would not be relying on the "established business relationship" defense. *See* Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (ECF No. 376), p. 5, fn. 5 ("Defendants are not pursuing the "established business relationship defense.") This Court adjudicated the permission defense in favor of both the Named Plaintiff and the class members:

> [T]he Court finds that Defendants cannot establish prior express invitation or permission . . . as a matter of law. The Court further finds

---

[1] 47 U.S.C. § 227(b)(1)(C), (a)(5) ("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement". . . . 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission").

[2] 47 U.S.C. § 227(b)(1)(C) ("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement, unless . . . the unsolicited advertisement is from a sender with an established business relationship with the recipient").

> that the Ninth Circuit's ruling is the law of the case precluding Defendants from now asserting other individualized consent defenses as to the . . . class members.

*See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partial Summary Judgment (ECF No. 403), p. 6.

In that decision, this Court noted three issues that remained to be resolved: (1) whether each of the thirty-four subject faxes constituted "advertisements" within the meaning of the TCPA;[3] (2) whether the "Defendants were the 'senders' of those faxes;[4] and (3) "whether all class members received faxes using a "telephone facsimile machine" as defined by the statute." [5] The first two of these have now been resolved class-wide and in favor of the class as well. As to the "advertisement" issue, the parties stipulated that that thirty-three of the thirty-four subject faxes constituted "advertisements" under the TCPA:

> WHEREAS, there are thirty-four templates at issue in this case. . . .
> WHEREAS, the Parties agree that, for the purposes of this trial, template RS-TRUE HEALTH 00379 does not constitute an "advertisement" under the TCPA. WHEREAS, the Parties agree that,

---

[3]  *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partical Summary Judgment (ECF No. 403), p. 2 ("there are disputed issues of material fact as to whether all of the accused faxes are "advertisements. Given that Plaintiffs will have the burden of establishing this element at trial as to all of the accused faxes, the Court declines to engage in a fax-by-fax analysis at this time").

[4]  *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partical Summary Judgment (ECF No. 403), p. 3 ("there is a dispute as to who owned the products described in the faxes at issue, and consequently as to whether the Defendants were the 'senders' of those faxes.")

[5]  *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partical Summary Judgment (ECF No. 403), p. 3 ("there is a dispute as to whether all class members received faxes using a "telephone facsimile machine" as defined by the statute. The parties offer dueling expert declarations on this issue, such that the Court cannot conclude that a reasonable factfinder would be compelled to find in Plaintiffs' favor on this question.")

>for the purposes of this trial, the remaining thirty-three templates, listed below, constitute "advertisements" under the TCPA.[6]

Similarly, as to the "sender" element, the parties stipulated that both McKesson Corp. and MTI were the "sender" of the subject faxes "for the purposes of this trial":

>WHEREAS, for the purposes of this trial, McKesson Technologies Inc. ("MTI") does not contest that . . . it was a "sender" . . . . WHEREAS, for the purposes of this trial, McKesson Corporation does not contest that . . . it was a "sender" . . . .WHEREAS, for the purposes of the jury trial, the Parties agree that Plaintiff does not need to prove the "sender" element for liability purposes on this one element of the TCPA.

Stipulation Regarding "Sender" Element for TCPA Liability Purposes (ECF No. 428), p. 1.

These stipulations were hard-won, as the Defendants not only opposed the summary judgment motions relative to these defenses, they stubbornly refused to provide any documents or information supporting these defenses in discovery. In light of Defendants' insistence on the insertion of the phrase "for purposes of this trial" as well as their "persistent factual and legal shape-shifting,"[7] there is little question that McKesson Corp. and MTI will immediately renounce these stipulations and force any individual claimants to prove these elements anew absent class treatment.

In short, two of the three elements of a junk fax claim and both of the defenses set forth in the text of the TCPA have been resolved class-wide and in favor of the class. These were plainly significant

---

[6] Stipulation Regarding TCPA "Advertisement" Element (ECF No. 426), p. 1.

[7] *See* Order Denying Motion for Summary Judgment and Granting Renewed Motion for Summary Judgment (ECF No. 331), p. 27, fn. 8 ("All of this history illustrates the ways Defendants' persistent factual and legal shape shifting has needlessly complicated this case before, during, and after this appeal.") *and* Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partial Summary Judgment (ECF No. 403), p. 6, ("Defendants attempted to make a similar argument in connection with the renewed motion for class certification and motion for summary judgment, and the Court noted Defendants' persistent factual and legal shape-shifting. Defendants' current position is another example of that phenomenon.") (*internal quotation and citation omitted*).

aspects of the case and central to the resolution of this matter. Accordingly, the predominance standard has been satisfied, and the class should not be decertified.

### B. The Jury Should Be Permitted to Decide Whether the Class Members Received the Subject Faxes on a "Telephone Facsimile Machine" as Defined by the TCPA.

Even the final element of the junk fax claims asserted in this matter – the sending of the faxes to a "telephone facsimile machine" as defined by the TCPA – can be resolved based on common proof and without the need for individualized evidence from the class members. As explained in Plaintiffs' Offer of Proof (ECF No. 455 at 1), McLaughlin intends to prove to the jury at trial (1) that for the 6,491 members of the Stand-Alone Fax Machine Class who did not opt out of the class, their phone number carrier did not provide "online fax service" as an option during the 2009–2010 time period when the faxes at issue were sent; and (2) relying on the testimony of McLaughlin's expert witness, Robert Biggerstaff, that the only other way for a class member to have utilized an online fax service is by "call forwarding" the transmissions to their fax line to an on online fax service, which there is a very "low likelihood" of having been the case for any class member. (ECF No. 455-2, Declaration of Robert Biggerstaff ("Biggerstaff Decl.") ¶¶ 28–29). Mr. Biggerstaff will testify that there is a "low likelihood" any class member would have used call forwarding to receive Defendants' faxes via online fax service because (1) the class members consist of health-care providers and online fax services were not HIPAA-compliant at the time; (2) such a configuration would have degraded the clarity of their fax transmissions resulting in a greater percentage of unreadable faxes; (3) it would have required the subscriber to pay for the phone line used to initially receive faxes and also for the online fax service to receive their forwarded faxes and re-send them back to them; and (4) the use of online fax services in the 2009-2010 time period was relatively rare. Based on this evidence, the jury could reasonably find, by a simple preponderance of the evidence, that each of these class members did not receive the subject faxes via an online fax service. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (preponderance of the evidence standard merely means a conclusion is "more likely than not").

1	The reliance on similar, generalized evidence is commonplace in class actions. For example, in *Tyson Foods, Inc. v. Bouaphakeo*, the Supreme Court affirmed class certification under Rule 23(b)(3), holding that, although the plaintiffs could not show how much time each particular class member spent "donning and doffing" gear at a meat-processing plant, they nevertheless had common evidence via a representative sample, which was sufficient because "each class member could have relied on that sample to establish liability if he or she had brought an individual action." 577 U.S. 442, 455 (2016). The same is true here. For any class member that brought an individual action, they could attempt to prove they did not receive the subject faxes via an online fax service by relying on evidence that their phone carrier did not provide an online fax service in 2009-2010 and Mr. Biggerstaff's expert testimony. As recently noted by the First Circuit Court of Appeals, "[t]here cannot be a more stringent burden of proof in class actions than in individual actions. Rigorous analysis of Rule 23 requirements does not require raising the bar for plaintiffs higher than they would have to meet in individual suits." *Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.)*, 777 F.3d 9, 20 (1st Cir. 2015) (*internal quotation and citation omitted).*

Defendants, relying on the testimony of their own expert, will likely argue that this evidence does not definitively establish that each of the class member did not receive the subject faxes via an online fax service. That does not mean the class must be decertified; it merely means that Defendants may prevail on the merits for those claims.  The "failure of proof on [a] common question" would "end[] the litigation," but it would not "cause individual questions . . . to overwhelm questions common to the class." *Tyson Foods*, 577 U.S. at 457 (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 468 (2013)). In other words, where "the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification." *Tyson Foods*, 577 U.S. at 457 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 107 (2009)).

In sum, Plaintiffs have common evidence from which the jury could reasonably conclude that it is more likely than not that the class members did not receive the subject faxes via an online fax service. This Court should permit the jury to make that determination.

## II. If the Court Decertifies the Class, Plaintiffs Seek Leave to File a Motion for Summary Judgment on their Individual Claims in Lieu of a Jury Trial.

If the Court decertifies the class, Plaintiffs McLaughlin Chiropractic Associates, Inc. and True Health Chiropractic, Inc. seek leave to file a motion for summary judgment on an individual basis rather proceeding to a jury trial over four faxes. The disputed issues of material fact that the Court identified in denying class-wide summary judgment do not preclude summary judgment on their individual claims. First, there is no question that each of the four faxes sent to the named Plaintiffs—one fax to True Health and three to McLaughlin—are "advertisements," given that the only questionable fax (Exhibit 26B) was not sent to these Plaintiffs, and Defendants stipulated to the remaining faxes being advertisements. (ECF No. 426, Stipulation Regarding TCPA "Advertisement" Element). Second, both McKesson and MTI have stipulated to being the "sender" of these faxes. Third, representatives of McLaughlin and True Health have been deposed and testified they received the subject faxes via traditional, stand-alone fax machines.  For example, Jeffrey Shope, the founder and proprietor of True Health Chiropractic, Inc., testified as follows:

> Q. Did you receive what has been attached to this document as Exhibit A [the "Back-to-Black" fax]?
>
> A. Yes.  It went to my fax number, so yes.
>
> Q. Well, aside from seeing the fax number at the top, did you, yourself, receive this fax?
>
> A. I mean, it came into my office. I mean, I get junk faxes, boom, they go in a junk fax folder, boom.
>
>         \*                \*                \*
>
> Q. And beginning in 2010, when Crystal Dillard was the receptionist, did you have just one fax machine in the office?
>
> A. Yes.

> Q. And was it a stand-alone fax machine, or did the faxes go into the computer system?
>
> A. Stand-alone.

Deposition of Jeffrey Shope (5.4.2014), pp. 66-67, 79-80.

Upon the outcome of these motions, Plaintiffs will then decide whether to appeal the Court's class-certification rulings on the grounds previously raised regarding the *Amerifactors* ruling. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1711 (2017) ("an order denying class certification is subject to effective review after final judgment at the behest of the named plaintiff.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)). Those grounds include, but are not limited to, the arguments raised in Plaintiffs' Opposition to Defendants' Motion to Decertify (ECF No. 372), Plaintiffs' Supplemental Response Brief Regarding *PDR Network* (ECF No. 387), and any other briefing in connection with Defendants' motion to decertify, as well as Plaintiffs' Motion for Summary Judgment (ECF No. 360 at 11–18) and Plaintiff's Reply in Support (ECF No. 377 at 4–9).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff McLaughlin Chiropractic Associates, Inc. respectfully requests that this Court not decertify the class. Alternatively, should the Court do so, Plaintiffs respectfully request that this Court grant leave for Plaintiffs to file motions for summary judgment on their individual claims and vacate the jury trial currently scheduled to begin on October 18, 2021.

DATED: October 4, 2021       McLaughlin Chiropractic Associates, Inc. individually and on behalf of the Class

By: s/ Ross M. Good
ROSS M. GOOD *(pro hac admitted)*
GLENN L. HARA *(pro hac admitted)*
BRIAN J. WANCA *(pro hac admitted)*
RYAN M. KELLY *(pro hac admitted)*
ANDERSON + WANCA

|   |   |
|---|---|
| 1 | 3701 Algonquin Road, Suite 500 |
|   | Rolling Meadows, IL 60008 |
| 2 | rgood@andersonwanca.com |
|   | ghara@andersonwanca.com |
| 3 | bwanca@andersonwanca.com |
|   | rkelly@andersonwanca.com |
| 4 | *Lead Counsel* |

MATTHEW E. STUBBS *(pro hac admitted)*
GEORGE D. JONSON *(pro hac admitted)*
MONTGOMERY JONSON LLP
600 Vine Street, Ste. 2650
Cincinnati, OH  45202
mstubbs@mojolaw.com
gjonson@mojolaw.com

ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
rschubert@sjk.law
wjonckheer@sjk.law

*Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically on all counsel of record via the Court's CM/ECF electronic noticing system on this 4th day of October 2021.

                                              s/ Ross M. Good
                                              One of Plaintiffs' Attorneys