1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    TRUE HEALTH CHIROPRACTIC INC, et          Case No.  13-cv-02219-HSG
     al.,
8                                              **ORDER DECERTIFYING CLASS**
                    Plaintiffs,
9                                              Re: Dkt. No. 476
            v.
10
     MCKESSON CORPORATION, et al.,
11
                    Defendants.
12

13          On September 29, 2021, the Court ordered Plaintiffs to show cause why the class should

14   not be decertified.  *See* Dkt. No. 476 ("Order to Show Cause" or "OSC").  In the OSC, the Court

15   told the parties that they should cite any relevant legal authority supporting their respective

16   positions.  *Id.* at 7.  The Court incorporates the legal standards and analysis set forth in the Order

17   to Show Cause, and adds the analysis below based on the parties' responses to the OSC.

18          Plaintiffs filed their Response to the Order to Show Cause on October 4, 2021.  *See* Dkt.

19   No. 480 ("Plaintiffs' Response").  Defendants submitted a Response to Plaintiffs' Response on

20   October 6, 2021.  *See* Dkt. No. 482 ("Defendants' Response").  On October 8, 2021, the Court

21   heard oral argument regarding the OSC.  Dkt. No. 485.

22          As explained in the Order to Show Cause, an FCC decision issued after the class's initial

23   certification changed the requirements for TCPA liability.  There is now no liability under the

24   TCPA for faxes received via an online fax service.  *In the Matter of Amerifactors Fin. Grp., LLC*

25   *Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer*

26   *Prot. Act of 1991 Junk Fax Prot. Act of 2005*, CG Dkt. Nos. 02-278, 05-338, 2019 WL 6712128, ¶

27   3 (Dec. 9, 2019) ("*Amerifactors*").  While Defendants sought decertification of the class after the

28   *Amerifactors* ruling issued, *see* Dkt. No. 362, the Court gave Plaintiffs the opportunity to obtain

United States District Court
Northern District of California

class-wide proof sufficient to show how class members received the faxes at issue, *see* Dkt. No. 393.  Plaintiffs returned with over 100 telephone carrier declarations, which Defendants supplemented with two additional telephone carrier declarations.  *See* Dkt. Nos. 460, 465, 468, 469, 470, 471.[1]  Telephone carriers who provided service to over 60% of the class members affirmatively say they have no way of knowing if the class member received faxes via a stand-alone fax machine or via an online fax service.  Defendants' Response at 4; *see* Dkt. Nos. 460, 465, 468, 469, 470, 471; *see, e.g.*, Dkt. No. 460, Exhibit A Part 5 at 63 ("Comcast has no mechanism to determine whether its subscribers received faxes on a standalone fax machine or via online fax service.").  Plaintiffs attempt to fill this evidentiary gap with a proffered expert who opines on general trends in online fax service usage, from which Plaintiffs then make assertions about the likelihood of particular individual consumer choices.[2]  After reviewing the Plaintiffs' Offer of Proof, Dkt. No. 455, and the telephone carrier declarations, the Court became concerned that the class does not satisfy Federal Rule of Civil Procedure Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3); *see* OSC at 1.  Plaintiffs have not rebutted the concerns the Court identified.[3]

---

[1] A significant number of Plaintiffs' subpoenas resulted in no reply.  In their offer of proof, Plaintiffs said they issued 246 subpoenas.  Dkt. No. 455 at 1.  Defendants, in their latest response, contend that Plaintiffs subpoenaed 231 phone carriers, 110 of which have not responded.  Defendants' Response at 11.  According to Defendants, Plaintiffs have no data from telephone carriers servicing at least 17% of the class members.  *See id.*

[2] According to Plaintiffs' expert, in the "absence of data" it can be assumed that the class member used a stand-alone fax machine.  Even though it has been clear since December 2019 that *Amerifactors* represented a significant change in the law relevant to this case, Plaintiffs only disclosed  this theory for the first time on September 10, 2021, approximately one month before trial, in response to the Court's OSC.  *See* Dkt. No. 455, Exhibit B at Part IV.  Then mere weeks before trial, Plaintiffs came up with new theories supporting their assertion that class members must have used a stand-alone fax machine, contending for the first time, for example, that call forwarding was not a realistic option due to quality degradation of the fax.  *See* Dkt. No. 480 at 5 (citing nothing in Plaintiffs' expert's declaration disclosing opinions to which counsel asserted he "will testify").  While the Court agrees with Defendants that these theories plainly were not timely disclosed under Rule 26, *see* Defendants' Response at 12 n.30, the Court considers them on their merits, and finds that they fail to meet Plaintiffs' burden under Rule 23 in any event.

[3] While the Ninth Circuit has not affirmatively articulated the burden of proof for decertification, in *Marlo v. United Parcel Service, Inc.*, the panel held that the district court, in its order decertifying the class, "properly placed the burden on [the plaintiff] to demonstrate that Rule 23's class-certification requirements had been met."  639 F.3d 942, 947-48 (9th Cir. 2011).  In any event, the Court's conclusion would not change based on who holds the burden.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First, Plaintiffs' proposed methodology does not amount to class-wide proof. Instead, it is essentially an effort to aggregate, through an expert and Plaintiffs' counsel's own assumptions, individualized data based on over a hundred different declarations concerning thousands of discrete phone numbers to which faxes were sent. The declarations Plaintiffs submit, on their face, simply do not speak directly to the central question at issue: how can it be shown via class-wide, common proof that each purported class member received the faxes at issue via a means other than an "online fax service"? Simply asking whether various phone carriers themselves provided online fax services does not provide uniform class-wide proof that each class member received the faxes at issue in the manner necessary to give rise to TCPA liability, as Defendants note.[4] Instead, Plaintiffs have only managed to advance "evidence that varies from member to member." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted) ("*Tyson*").

Plaintiffs argue that they have proffered class-wide proof because a jury could find by a preponderance of the evidence that each class member received the faxes on a stand-alone fax machine. *See* Plaintiffs' Response at 6. Plaintiffs rely almost entirely on a single case: *Tyson*, a class action in which plaintiffs alleged they were improperly denied overtime compensation. *See* Plaintiffs' Response at 6. However, *Tyson* simply does not support Plaintiffs' predominance claim here. *See Tyson* at 459 ("Whether a representative sample may be used to establish classwide liability will depend on the purpose for which the sample is being introduced and on the underlying cause of action.").

In *Tyson*, the plaintiffs "sought to introduce a representative sample to fill an evidentiary gap created by the employer's failure to keep adequate records." *Id.* at 456. Without the representative sample, each individual plaintiff would have had no alternative means to establish their hours worked. *Id.* at 457. The *Tyson* plaintiffs were similarly situated because they worked in the same facility, did similar work, and were paid under the same policy. *Id.* at 459. Therefore,

---

[4] For example, the class members still could have received the faxes at issue through an online fax service by using a third party online fax service or call forwarding. *See* Dkt. No. 455, Exhibit B at 4; Defendants' Response at 12.

United States District Court
Northern District of California

the "experience of a subset of employees [could] be probative as to the experiences of all of them." *Id.* The Supreme Court allowed the plaintiffs to rely on a representative sample to establish hours worked because "the sample could have sustained a reasonable jury finding as to hours worked in each employee's individual action." *Tyson* at 455. The Supreme Court recognized that not all class actions could properly rely on representative samples, comparing the plaintiffs in *Tyson* with the plaintiffs in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (reversing class certification based on plaintiffs' failure to prove that the class shared common questions of law or fact). In *Wal-Mart*, "the employees were not similarly situated" and so "none of them could have prevailed in an individual suit by relying on depositions detailing the ways in which other employees were discriminated against by their particular store managers." *Tyson* at 458.

*Tyson* does not support the Plaintiffs' proposed method of so-called class-wide proof. The Plaintiffs and other class members in this case, unlike the plaintiffs in *Tyson*, have a clear alternative means to establish TCPA liability: each person can testify as to whether they received the faxes at issue on a stand-alone fax machine. Moreover, whether one class member received the faxes at issue on a stand-alone fax machine is not in any way probative of whether any other individual class member received his or her faxes on a stand-alone fax machine. Despite this, Plaintiffs propose using over 100 non-standardized telephone carrier declarations and an expert's testimony about the rate of use of online fax services to make assumptions about how more than 6,000 individual class members actually received the faxes at issue in this case. *See* Dkt. No. 455 at 1, Exhibit B at Part IV. Far from presenting class-wide proof that would also be acceptable to prove an individual claim, Plaintiffs seek to transform the *absence* of uniform proof, cobbled together from a large number of disparate declarations, into a generalization they claim applies to each class member. But in an individual action, a plaintiff clearly would not be able to prove her case by saying, "Even though I personally received this fax via an online fax service, most people didn't, according to Plaintiffs' expert in the *True Health* case."[5] The issues and evidence in this

---

[5] Plaintiffs' position boils down to the assertion that because most fax recipients in 2009-2010 purportedly used stand-alone fax machines, every single individual class member must have

United States District Court
Northern District of California

1    case are fundamentally different than those in *Tyson*.  The idea that Plaintiffs' expert's opinions

2    about probability can constitute the required class-wide proof is not supported by *Tyson* or any

3    other authority the Court has found.

4         Second, the individualized question of whether each class member received the faxes at

5    issue on a stand-alone fax machine predominates over common questions.  Plaintiffs argue that the

6    predominance inquiry does not require that every possible issue in the case be capable of

7    resolution via class-wide proof.  *See* Plaintiffs' Response at 1-5.  Plaintiffs miss the point.  There

8    can be no TCPA liability at all if the fax was received via an online fax service.  *Amerifactors* at ¶

9    8.  Plaintiffs themselves proposed splitting the class into two subgroups: those that received the

10   subject faxes "via a 'stand-alone' fax machine" and those that received the subject faxes "via an

11   'online fax service'."  *See* Dkt. No. 372 at 10.  As reflected by the class definitions, how the fax

12   was received is a threshold requirement for TCPA liability.  It is the central issue in this case.

13   Where, as here, individual inquiries are required to prove a core element of liability, courts have

14   found that individual questions predominate over common questions.  *See Andrews v. Plains All*

15   *American Pipeline, L.P.*, 777 Fed. Appx. 889, 892 (9th Cir. 2019) ("These individualized inquiries

16   go to key elements of the class's claims, and the district court abused its discretion by concluding

17   that this disparity would affect only damage calculations.")[6]; *Sandusky Wellness Ctr., LLC v. ASD*

18   *Specialty Healthcare, Inc.*, 863 F.3d 460, 468 (6th Cir. 2017) (no predominance where "the

19   district court would be tasked with filtering out those members to whom [defendant] was not

20   liable"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2186223, at *11 (N.D. Cal.

21   May 28, 2021) (denying class certification where the plaintiff lacked common proof of "essential

22   elements" of the claim, including causation and injury); *Hamm v. Mercedes-Benz USA, LLC*, No.

23

24   ──────────────────
     received the faxes at issue here via a stand-alone fax machine. *See* Plaintiffs' Response at 5
25   ("Based on this evidence, the jury could reasonably find, by a simple preponderance of the
     evidence, that each of these class members did not receive the subject faxes via an online fax
26   service.").  This assertion, which as Defendants note is not supported by any cited empirical
     evidence whatsoever, *see* Defendants' Response at 15-16, is not the sort of evidence that can
27   satisfy the "rigorous" and "demanding" analysis required under Rule 23.  *Comcast Corp. v.*
     *Behrend*, 569 U.S. 27, 34-35 (2013).
28   [6] As an unpublished Ninth Circuit decision, *Andrews* is not precedent, but may be considered for
     its persuasive value.  *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

16-CV-03370, 2021 WL 1238304, at *12 (N.D. Cal. April 2, 2021) (denying class certification where proof of reliance, a requirement to prevail on a California Consumer Legal Remedies Act claim, would vary from consumer to consumer, defeating the predominance requirement under Rule 23(b)(3)). Accordingly, the predominance requirement of Rule 23(b)(3) is not met.

For similar reasons, Rule 23(b)(3)'s superiority requirement also is not met. The superiority requirement tests whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Where "the complexities of a class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) (citations omitted). As explained above, the core fact establishing TCPA liability is only determinable through individualized inquiries. Given the individual inquiries required to establish the proposed class members' claims, class action treatment is not the superior method of adjudication.

The Court understands the desire of Plaintiffs (and their counsel) to resolve these claims via a class action lawsuit. However, *Amerifactors* changed the landscape for TCPA litigation, and under Ninth Circuit precedent, this Court must follow the FCC's interpretation. *See Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 400 (9th Cir. 1996); Dkt. No. 393 at 9-11. In the Court's view, whether *Amerifactors* in fact controls here is determinative of the viability of this case as a class action. Plaintiffs can and no doubt will argue on appeal that *Amerifactors* is not binding, and the Court and the parties will get critical guidance from any ruling by the Ninth Circuit on that issue.

After carefully considering the entire record in this case, the Court orders the "Stand-Alone Fax Machine Class" **DECERTIFIED**.

**IT IS SO ORDERED.**

Dated:  10/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge