TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
BONNIE LAU (CA SBN 246188)
BLau@mofo.com
JESSICA GRANT (CA SBN 178138)
JGrant@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

LYNDSEY H. CAIN (admitted *pro hac vice*)
LCain@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza
Denver, Colorado 80202
Telephone: 303.592.2226
Facsimile: 303.592.1510

ERIN P. LUPFER (CA SBN 317994)
ELupfer@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendants
MCKESSON TECHNOLOGIES INC. and
MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, MCKESSON TECHNOLOGIES INC., and DOES 1-10, <br><br> Defendants. | Case No. 4:13-cv-02219-HSG <br><br> **DEFENDANTS' OBJECTION TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF REGARDING PLAINTIFFS' INDIVIDUAL CLAIMS FOR TREBLE DAMAGES** <br><br> Trial: January 10, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 2, 4th Floor <br> Judge: Haywood S. Gilliam, Jr. |

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF
CASE NO. 4:13-CV-02219-HSG

sf-4643734

**NOTICE OF MOTION AND STATEMENT OF RELIEF**

PLEASE TAKE NOTICE that pursuant to Local Rules 7-3(d) and 7-11, Defendants McKesson Corporation and McKesson Technologies, Inc. ("Defendants"), hereby move this Court for an order striking the belatedly-disclosed new evidence and new arguments that Plaintiffs McLaughlin Chiropractic Associates Inc. and True Health Chiropractic, Inc. ("Plaintiffs") raise for the first time in their Reply Brief On Treble Damages ("Reply Brief") (ECF No. 501).

**I.     RELEVANT BACKGROUND**

On November 12, 2021, Plaintiffs filed their Brief on Treble Damages ("Opening Brief") (ECF No. 497). Plaintiffs argued in relevant part that "the Court should find that McKesson Corporation acted willfully or knowingly by sending the subject fax advertisements to True Health and McLaughlin." (*Id*. at 3.) In making this argument, Plaintiffs relied upon (1) certain deposition testimony of Kari Holloway, Holly Wilson, and David Faupel, (2) the FCC Citation Letter (Ex. No. 35),[1] and (3) Slingshot and Accelero documents (Ex. No. 75). (*Id*. at 3-15.)

Pursuant to the operative scheduling order, the parties exchanged affirmative deposition designations on November 12, 2021, and exchanged objections and counter-designations on November 19, 2021. (ECF No. 493.)

On December 3, 2021, Defendants filed their Trial Brief Regarding Plaintiffs' Individual Claims for Treble Damages ("Opposition Brief") (ECF No. 498).

After the close of business on December 15, 2021, two days before their Reply Brief was due to be filed, Plaintiffs contacted Defendants to request that six new exhibits be added to the Joint Exhibit List. (*See* ECF No. 499 at 13-15 & n.1 (Defendants' objections to Ex. Nos. 118-123, including (118) Plaintiffs' Second Amended Complaint ("SAC"), (119) McKesson Corporation's Answer to SAC ("McKesson Corporation Answer"), and (120) MTI's Answer to SAC ("MTI Answer")). Also on December 15, 2021, Plaintiffs asserted new deposition

---

[1] "Ex. No." refers to exhibits listed on the Joint Exhibit List for the Court's Determination of Treble Damages (ECF No. 432-4).

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF    1
CASE NO. 4:13-CV-02219-HSG

sf-4643734

designations for Kari Holloway, roughly one month after the deadlines to exchange affirmative and counter designations had passed.  (*See, e.g.*, ECF No. 500-1 at 7-8 & n.1.)

On December 17, 2021, Plaintiffs filed their Reply Brief, which relies in part on the new exhibits and deposition testimony that Plaintiffs first disclosed on December 15, 2021. Additionally, the Reply Brief raises new arguments that appear nowhere in Plaintiffs' Opening Brief, namely (1) arguments based upon SEC filings that McKesson Corporation owned the Medisoft and Lytec products, (2) arguments regarding the purported nonexistence of an MTI Marketing Department, and (3) arguments regarding whether McKesson Corporation was a party to or bound by the Accelero/Slingshot documents.  The bench trial and oral argument on Plaintiffs' individual claims for treble damages is set to occur in approximately two weeks, on January 10, 2022.

Pursuant to Local Rule 7-11(a), on December 21, 2021, counsel for Defendants contacted counsel for Plaintiffs to request that they withdraw the portions of the Reply Brief that contain new arguments or new evidence, including evidence that was untimely disclosed.  (*See* Declaration of Bonnie Lau, ¶ 2 & Ex. A.)  Plaintiffs refused to withdraw any portion of their Reply Brief (*Id.* ¶ 3 & Ex. B), thus necessitating the instant motion in light of the January 10, 2022 bench trial.

## II. ARGUMENT

### A. The Court Should Strike Plaintiffs' Untimely and New Evidence and New Arguments.

"New evidence or analysis presented for the first time in a reply is improper and will not be considered."  *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, No. C 11-01442 SBA, 2011 WL 5118525, at *6 n.3 (N.D. Cal. Oct. 28, 2011); *accord Law v. City of Berkeley*, No. 15-cv-05343-JSC, 2016 WL 4191645, at *4 n.2 (N.D. Cal. Aug. 9, 2016) (new evidence introduced on reply is untimely); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir.1993) ("To the extent that the [reply] brief presents new information, it is improper.").

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF   2
CASE NO. 4:13-CV-02219-HSG

sf-4643734

1    Likewise, courts generally refuse to consider new arguments that are raised for the first
2    time in a reply brief. *See, e.g.*, *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003)
3    ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Cal. Sportfishing*
4    *Prot. All. v. Pac. States Indus., Inc.*, No. 15-cv-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal.
5    Sept. 22, 2015) ("Raising new arguments in a reply brief is classic sandbagging, and the Court
6    will not tolerate it."); *Krivanek v. Huntsworth Grp. LLC*, No. 15-cv-02466-HSG, 2015 WL
7    5258788, at *4 n.2 (N.D. Cal. Sept. 9, 2015) (Gilliam, J.) ("[B]ecause Plaintiff raises this
8    argument for the first time in her reply brief, the Court does not consider it.").

Plaintiffs have improperly cited untimely and new evidence and raised new arguments in their Reply Brief that the Court should strike and decline to consider.

### 1. Plaintiffs' Untimely-Disclosed Evidence Is Improper and Should Be Stricken.

In their Reply Brief, Plaintiffs rely on evidence that they did not identify as part of the bench trial record on treble damages until after close of business on December 15, 2021, *after* Defendants' Opposition Brief had been filed on December 3, 2021. (*See* Reply Brief at 11:14-12:5 (citing Defendants' Answers); 15:5-11, 15:19, 15:22-26, 16:7 (citing untimely-disclosed testimony of Ms. Holloway); *see also* ECF No. 499 at 13-15 & n.1 (Defendants' objections to untimely-disclosed trial exhibits); ECF No. 500-1 at 7-8 & n.1 (Defendants' objections to untimely-disclosed deposition testimony of Kari Holloway).) The portions of the Reply Brief at 11:14-12:5, 15:5-11, 15:19, 15:22-26, and 16:7 are improper and should be stricken and disregarded.

The parties filed their original Joint Exhibit List Regarding Treble Damages on August 24, 2021. (ECF No. 432-4.) Plaintiffs did not include the SAC, MTI's Answer or McKesson Corporation's Answer. (*See id.*) The parties met and conferred to narrow their evidentiary objections. Then, nearly four months later and after Defendants filed their Opposition Brief, Plaintiffs belatedly demanded to add six new exhibits, including the SAC, MTI Answer, and McKesson Corporation Answer. The Court should disregard Plaintiffs' attempt to rely upon these untimely exhibits. (Reply Brief at 11:14-12:5 (citing Defendants' Answers).)

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF   3
CASE NO. 4:13-CV-02219-HSG

sf-4643734

1    Similarly, although the parties had exchanged affirmative and counter deposition designations a month prior based upon the scheduling order, on the evening of December 15, 2021, Plaintiffs demanded to add new affirmative designations for Kari Holloway.  The Court should reject Plaintiffs' attempt to rely upon these belatedly-disclosed designations in their Reply Brief.  (Reply Brief at 15:5-11, 15:19, 15:22-26, 16:7 (citing untimely testimony of Ms. Holloway).)

Because new evidence introduced on reply is improper, especially evidence that is belatedly disclosed, the portions of Plaintiffs' Reply Brief that rely on such evidence—namely, 11:14-12:5 (citing Defendants' untimely-disclosed Answers) and 15:5-11, 15:19, 15:22-26, 16:7 (citing untimely-disclosed testimony of Ms. Holloway)—should be stricken and disregarded.  *See World Lebanese Cultural Union, Inc.*, 2011 WL 5118525, at *6 n.3; *Berkeley*, 2016 WL 4191645, at *4 n.2.

### 2. New Arguments Raised for the First Time in Plaintiffs' Reply Brief Should Be Stricken.

In their Opening Brief, Plaintiffs argued that "McKesson Corporation [a]cted [w]illfully or [k]nowingly" in violation of the TCPA based upon certain testimony of three deponents, the FCC Letter, and the Slingshot/Accelero documents.  (*See* Opening Brief at 3-15.)  In their Reply Brief, however, Plaintiffs for the first time (1) argue based on SEC filings that McKesson Corporation "owned" the Medisoft and Lytec products, (2) raise new arguments based upon the existence or nonexistence of an MTI Marketing Department, and (3) argue that McKesson Corporation was a party to or bound by the Accelero/Slingshot documents.  (*See* Reply Brief at Section A.1, Section A.4, and 13:19-14:10.)  Plaintiffs' new arguments should be stricken for the following reasons:

<u>Section A.1</u>.  For the first time, Plaintiffs argue that certain SEC documents "prove" that McKesson Corporation "owned" the Medisoft and Lytec products.  Although Plaintiffs bear the burden to show that McKesson Corporation acted willfully and/or knowingly, they made no argument regarding McKesson Corporation's willful or knowing conduct based upon "ownership" of the Medisoft or Lytec products in their Opening Brief, nor did they cite or refer to

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF   4
CASE NO. 4:13-CV-02219-HSG

sf-4643734

any SEC documents.  (*See generally* Opening Brief.)  By waiting to raise this argument for the first time in their Reply Brief, Plaintiffs have effectively prevented Defendants from responding substantively.  *See Cal. Sportfishing Prot. All.*, 2015 WL 5569073, at *2 (calling such behavior "classic sandbagging").

<u>Section A.4</u>.  Plaintiffs raise a new argument based on the supposed nonexistence of an MTI Marketing Department.  However, this argument appears nowhere in their Opening Brief.  (*See generally* Opening Brief.)  Plaintiffs again attempt to hamstring Defendants by introducing this argument for the first time in their Reply Brief.

<u>Lines 13:19-14:10</u>.  Plaintiffs also argue for the first time that because the word "McKesson" appears on the Slingshot/Accelero documents, McKesson Corporation is supposedly a party to or bound by them.  Although Plaintiffs cited the Slingshot/Accelero documents in their Opening Brief (*see* Opening Brief at 9), they never argued that they were somehow binding on McKesson Corporation (*see generally* Opening Brief).   Again, by raising this argument only in their Reply Brief, Plaintiffs deprive Defendants of any opportunity to substantively respond.

## III.     CONCLUSION

For the foregoing reasons, Defendants would be unfairly prejudiced if the Court were to consider the belatedly-disclosed evidence, new evidence and new arguments raised for the first time in Plaintiffs' Reply Brief.  Accordingly, Defendants request that the Court strike the untimely and new evidence and arguments from the Reply Brief and decline to consider them.  Specifically, Defendants request that the Court strike and decline to consider Section A.1, Section A.4, and lines 11:14-12:5, 13:19-14:10, 15:5-11, 15:19, 15:22-26, and 16:7 of Plaintiffs' Reply Brief.[2]

---

[2] In the alternative, if the Court considers Plaintiffs' untimely and new evidence and arguments, Defendants request the opportunity to respond in a short sur-reply brief, and request seven days from the Court's ruling on this motion to do so.

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF   5
CASE NO. 4:13-CV-02219-HSG

sf-4643734

Dated: December 23, 2021          MORRISON & FOERSTER LLP

                                  By:   *s/ Tiffany Cheung*
                                        Tiffany Cheung

                                        Attorney for Defendants
                                        MCKESSON TECHNOLOGIES INC.
                                        and MCKESSON CORPORATION

DEFENDANTS' MOTION TO STRIKE UNTIMELY AND NEW EVIDENCE AND ARGUMENTS IN PLAINTIFFS' REPLY BRIEF   6
CASE NO. 4:13-CV-02219-HSG

sf-4643734