ROBERT C. SCHUBERT (SBN 62684)
WILLEM F. JONCKHEER (SBN 178748)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
rschubert@sjk.law
wjonckheer@sjk.law

BRIAN J. WANCA (*pro hac vice*)
RYAN M. KELLY (*pro hac vice*)
ROSS M. GOOD (*pro hac vice*)
GLENN L. HARA (*pro hac vice*)
ANDERSON & WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com
ghara@andersonwanca.com

*Counsel for Plaintiffs True Health Chiropractic, Inc. and McLaughlin Chiropractic Associates, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC., and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., <br><br> Plaintiffs, <br> v. <br><br> MCKESSON CORPORATION, MCKESSON TECHNOLOGIES, INC., and JOHN DOES 1-10, <br><br> Defendants. | No. 4:13-cv-02219-HSG <br><br> **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE EVIDENCE AND PORTIONS OF PLAINTIFFS' REPLY BRIEF ON TREBLE DAMAGES** <br><br> Trial Date: January 10, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 2, 4th Floor <br> Judge: Haywood S. Gilliam, Jr. |

1

Per the Scheduling Order (Doc. 493), the "[b]ench trial regarding liability and oral argument on treble damages" is set for January 10, 2022. In compliance with that Scheduling Order, Plaintiffs timely filed their Reply Brief on Treble Damages (Doc. 501) on December 17, 2021. Defendants McKesson Corporation and McKesson Technologies Inc. responded with an Objection to Reply Evidence and Administrative Motion to Strike Untimely and New Evidence and Arguments in Plaintiffs' Reply Brief Regarding Plaintiffs' Individual Claims for Treble Damages (Doc. 502) (hereinafter "Motion to Strike") that seeks to exclude from the upcoming trial a few lines of testimony from the deposition of Kari Holloway and Trial Exhibit Nos. 118, 119, and 120. These exhibits consist of the Second Amended Class Action Complaint (Doc. 90) and the Answers to the Second Amended Complaint of McKesson (Doc. 103) and MTI (Doc. 104). Additionally, Defendants seek to strike those portions of the Reply Brief that refer to those portions of Ms. Holloway's testimony, Trial Exhibit Nos. 118-120, and Trial Exhibit Nos. 90-94, which consist of McKesson Corporation's 10-K Reports from 2008 to 2012. Plaintiffs hereby oppose such relief.

A.     **The Defendants' Motion to Strike is Procedurally Defective.**

Civil Local Rule 7-11 provides a procedural mechanism for "miscellaneous administrative matters" such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." Such "administrative" motions are typically via stipulation and unopposed. *See* Civ. L. Rule. 7-11(a)("A motion for . . . a miscellaneous administrative matter . . . must be accompanied . . . by either a stipulation . . . or by a declaration that explains why a stipulation could not be obtained.") A motion that seeks to exclude evidence, strike portions of a trial brief, and preclude various arguments at trial is hardly an "administrative" matter. *Silverman v. City & Cty. of San Fran.,* 2012 U.S. Dist. LEXIS 171398, *2 (N.D. Cal. 2012)("Plaintiff's administrative motion

for a continuance . . . is an improper administrative motion under Civil Local Rule 7-11 because the relief Plaintiff seeks is not within the category of 'miscellaneous administrative matters'").

Moreover, the subject of Defendant's Motion to Strike is directly addressed by Civil Local Rule 7-3(d)(1), which states as follows: "If new evidence has been submitted in [a] reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence, which may not include further argument on the motion." Consequently, Defendants' Motion to Strike is "procedurally defective" and should be denied on this basis alone:

> Glenda Johnson's motion to strike, objecting to the evidence set forth in the reply memorandum, is procedurally defective. The Court's rules are clear that when a party offers an evidentiary objection to material submitted on [a] reply, motions to strike [such] evidence as inadmissible are no longer appropriate and should not be filed. The proper procedure is to make an objection. Because Glenda Johnson failed to follow the proper procedure, the Court DENIES the Motion to Strike

*United States v. Rapower-3, LLC*, 2020 U.S. Dist. LEXIS 168798, at *37 (D. Utah 2020)(*internal quotation and citation omitted*); *see also Kwan Software Eng'g, Inc. v. Foray Techs., Ltd. Liab. Co.*, 2014 U.S. Dist. LEXIS 17376, *51, fn. 1 (N.D. Cal. 2014)("If a party disputes the evidence filed in support of a reply brief, the proper procedure under the Local Rules is to file objections to the reply evidence, not a motion to strike the evidence.")

**B.** **Plaintiffs' Reply Brief Offered No New Evidence, and the Arguments Asserted Therein Were Appropriate Responses to the Defendants' Opposing Trial Brief.**

**1.** **The Challenged Material Was Properly Disclosed and Has Been in the Record for Years.**

Even if this Court were inclined to overlook its procedural defects, the Motion to Strike should also be denied on its merits as Plaintiffs offered no new evidence in the Reply Brief. The challenged exhibits consist of (1) McKesson Corporation's 10-K Reports from 2008 to 2012; (2) the

3

Second Amended Class Action Complaint (Doc. 90) and the respective Answers of McKesson (Doc. 103) and MTI (Doc. 104) to the Second Amended Class Action Complaint, which were all filed in 2014; and (3) the Declaration of Minh T. Hoang (Doc. 179-1), which was filed by the Defendants in 2015. The challenged testimony is from the deposition of Kari Holloway, which was taken in 2015. None of this material can fairly be characterized as "new."

Likewise, the Defendants' argument the challenged material was "belatedly-disclosed" is both factually wrong and pedantic. McKesson's 10-K Reports from 2008 to 2012 were listed on the Joint Exhibit List for the Court's Determination of Treble Damages (Doc. 432-4) filed in advance of the trial initially scheduled for October 18, 2021. The Second Amended Class Action Complaint and respective Answers were added to the Joint Exhibit List for the Court's Determination of Plaintiffs' Individual Claim for Treble Damages (Doc. 499), which was timely submitted on December 17, 2021. *See* Scheduling Order (Doc. 493)(requiring the "Parties to submit final joint treble damages exhibits and deposition designation lists" by December 17, 2021). Likewise, the additional lines from Ms. Holloway's deposition were included in the Joint Submission of Deposition Designations for the Court's Determination of Plaintiffs' Individual Claim for Treble Damage (Doc. 500), which was also timely filed on December 17, 2021. In short, while Defendants are free to make evidentiary objections to the admission of the challenged evidence at trial, there is no grounds to strike it from the record as "new," "untimely," or "belatedly-disclosed." Further, as this material has been in the record for years, the Defendants' cries of "sandbagging" and unfair surprise ring hollow.

**2.    The Arguments in the Reply Brief Were Appropriate Responses to the Defendant's Opposing Trial Brief.**

The Defendants' contention that Plaintiffs raised new arguments in the Reply Brief are equally vacuous. As noted by many courts, "[t]he purpose of a reply is to respond to the nonmoving

party's opposition." *Werner v. Liberty Life Assurance Co.*, 2008 U.S. Dist. LEXIS 140274, *2 (C.D. Cal. 2008). As such, "[i]t is well established that reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Avail Holding LLC v. Ramos*, 820 F. App'x 83, 86 (2nd Cir. 2020); *see also ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1109 (9th Cir. 2003)("The 'new' arguments raised in the City's reply brief were a reasonable response to points made in the ACLU's answering brief.") Accordingly, there is nothing unusual or improper about new cases, citations, or arguments appearing in a reply brief:

> Guadagni contends that in their replies to his opposition memoranda, the defendants improperly submitted facts, case citations, and arguments that were not present in their original motions to dismiss. We reject this argument. Naturally, a reply on a motion will contain new case citations; otherwise it would be entirely repetitious of the original motion.

*Guadagni v. N.Y.C. Transit Auth.*, 387 F. App'x 124, 125 (2nd Cir. 2010); *see also Christians of Cal., Inc. v. Clive Christian N.Y. LLP*, 2015 U.S. Dist. LEXIS 13224, *9 (S.D.N.Y. 2015)("All of the arguments COC seeks to strike were made either in response to arguments raised in COC's opposition brief, or otherwise to amplify arguments previously raised by defendants, both of which are permissible.")

These principles are squarely applicable and dictate the outcome of Defendant's Motion to Strike. For example, Defendants contend that, in the Reply Brief, "Plaintiffs for the first time . . . argue based on SEC filings that McKesson Corporation 'owned' the Medisoft and Lytec products". Motion to Strike (Doc. 502), p. 4. This argument was in direct response to the Defendants' unambiguous assertion of "MTI's ownership of Medisoft, Lytec, and Practice Partner" and, therefore, "MTI – not McKesson Corporation – is the sole entity that sent the faxes at issue." Opposing Trial Brief (Doc. 498), p. 4, fn. 1.

Similarly, Defendants contend that, in the Reply Brief, Plaintiffs "raise[d] new arguments based upon the existence or nonexistence of an MTI Marketing Department." Motion to Strike (Doc. 502), p. 4. This was in direct response to the Defendants' contention that "MTI Employees" and, in particular, "Ms. Holloway in her capacity as an *MTI* employee" sent the subject faxes. Opposing Trial Brief (Doc. 498), p. 7. The employees responsible for creating and sending the subject faxes, Kari Holloway, David Faupel, and Holly Wilson, uniformly testified that they were working for the "marketing department" when they did so. *See* Reply Trial Brief (Doc. 501), pp. 9-10. Accordingly, the "nonexistence" of a marketing department at MTI – as declared by McKesson's in-house counsel, Minh Hoang[1] – casts considerable doubt on the Defendants' contention that Ms. Holloway. Ms. Wilson, and Mr. Faupel were actually (and unbeknownst to them) employees of MTI when the subject faxes were sent. Finally, Defendants contend that, in the Reply Brief, Plaintiffs "for the first time . . . argue[d] that McKesson Corporation was a party to or bound by the Accelero/Slingshot documents." Motion to Strike (Doc. 502), p. 4. This argument was in direct response to the Defendants' assertion that "it is undisputed that McKesson Corporation was not a party to any Slingshot agreement." Opposing Trial Brief (Doc. 498), p. 7.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs McLaughlin Chiropractic Associates, Inc. and True Health Chiropractic, Inc. respectfully request that this Court deny the Motion to Strike Untimely and New Evidence and Arguments in Plaintiffs' Reply Brief Regarding Plaintiffs' Individual Claims for Treble Damages (Doc. 502) of Defendants McKesson Corporation and McKesson Technologies Inc.

---

[1] *See* Declaration of Minh T. Hoang Regarding Document Production (Doc. 179-1), ¶ 3 ("I am also informed that a McKesson Technologies Inc. ("MTI") marketing department was not created until 2013.")

By: s/ *Ross M. Good*
ROSS M. GOOD *(pro hac admitted)*
GLENN L. HARA *(pro hac admitted)*
BRIAN J. WANCA *(pro hac admitted)*
RYAN M. KELLY *(pro hac admitted)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com
ghara@andersonwanca.com
bwanca@andersonwanca.com
rkelly@andersonwanca.com

*Lead Counsel*

MATTHEW E. STUBBS *(pro hac admitted)*
GEORGE D. JONSON *(pro hac admitted)*
MONTGOMERY JONSON LLP
600 Vine Street, Ste. 2650
Cincinnati, OH  45202
mstubbs@mojolaw.com
gjonson@mojolaw.com

ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
rschubert@sjk.law
wjonckheer@sjk.law

*Counsel for Plaintiffs True Health Chiropractic, Inc. and McLaughlin Chiropractic Associates, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was served electronically on all counsel of record via the Court's CM/ECF electronic noticing system on this 29th day of December 2021.

                                    s/ *Matthew E. Stubbs*
                                    One of Plaintiffs' Attorneys