UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **ORDER RE BENCH TRIAL AND ORAL ARGUMENT AND DENYING DEFENDANTS' MOTION TO STRIKE** <br><br> Re: Dkt. No. 502 |

Leading up to what was expected to be a short and simple bench trial regarding liability and oral argument on treble damages on January 10, 2022, Dkt. No. 493, the parties have submitted a slew of filings, including Plaintiffs' Brief on Treble Damages, Dkt. No. 497; Defendants' Trial Brief Regarding Plaintiffs' Individual Claims for Treble Damages, Dkt. No. 498 ("Defendants' Trial Brief"); Plaintiffs' Reply Brief on Treble Damages, Dkt. No. 501 ("Plaintiffs' Reply"); a Joint Exhibit List for the Court's Determination of Plaintiffs' Individual Claims for Treble Damages, Dkt. No. 499; a Joint Submission of Deposition Designations for the Court's Determination of Plaintiffs' Individual Claims for Treble Damages, Dkt. No. 500; Defendants' Objection to Reply Evidence and Administrative Motion to Strike Untimely and New Evidence in Plaintiffs' Reply Brief Regarding Plaintiffs' Individual Claims for Treble Damages, Dkt. No. 502 ("Motion to Strike"); and Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike, Dkt. No. 506.

After reviewing the filings, the Court concludes that, consistent with a long pattern in this case, the parties' current proposed path appears to be thoroughly unworkable. The parties continue to disagree on a large number of basic foundational issues. The briefs on treble damages, which the Court expected to include arguments on the legal standard for treble damages and its

1  application as informed by case law, instead reveal that the parties have a factual dispute that goes
2  to the heart of liability.  *See* Dkt. Nos. 497, 498, and 501.  Moreover, the joint exhibit and
3  deposition designation lists identify a litany of evidentiary disagreements better suited to a full-
4  fledged trial or evidentiary hearing.  *See* Dkt. Nos. 499 and 500.  Finally, many of the parties'
5  factual disputes implicate the credibility of witnesses, which would seem to require live testimony
6  and preclude proceeding on a paper record as the parties proposed.  As the Court will discuss with
7  the parties, based on these myriad factual disagreements, it appears that the liability and treble
8  damages determinations will require a formal bench trial or evidentiary hearing with evidence and
9  witnesses.  The Court thus **VACATES** the bench trial previously scheduled for January 10, 2021
10 at 10:00 a.m, and **SETS** a pretrial conference for January 10, 2022 at 10:00 a.m. in Courtroom 2
11 on the Fourth Floor, at 1301 Clay Street, Oakland, California.

12       The parties (and their counsel and witnesses) should understand that their personal
13 credibility is very much on the line based on the current state of the record, which for example
14 appears to include efforts by the Defendants to take back admissions and stipulations made long
15 ago, either in discovery or prior to trial.  *See, e.g.*, Defendants' Trial Brief at 4 n.1, 5-6.  Sanctions
16 have been issued on multiple occasions already in this case, and the Court will not hesitate to do
17 so again if warranted by ongoing unreasonable, dishonest or less-than-candid behavior.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Defendants have also moved to strike portions of Plaintiffs' Reply on the grounds that Plaintiffs inappropriately introduced new evidence and arguments. *See* Motion to Strike. The evidence and arguments in the Reply clearly respond to (surprising, in the Court's view) arguments Defendants made for the first time in their Trial Brief. "[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000). If Defendants believe they have been unfairly disadvantaged by Plaintiffs' direct responses to Defendants' new arguments, the correct course of action is for Defendants to file an objection under Civil L.R. 7-3(d)(1), and they may seek leave to file a sur-reply, *see Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018). Accordingly, Defendants' Motion to Strike is **DENIED**.

Lead counsel for each party is directed to provide a copy of this order to their clients immediately, and to be prepared to confirm at the January 10 hearing that this has been done.

**IT IS SO ORDERED.**

Dated: 1/5/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge