UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCKESSON CORPORATION, et al., <br><br> Defendants. | Case No. 13-cv-02219-HSG <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL AND DENYING ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. Nos. 460, 481 |

Pending before the Court are the parties' administrative motions to file under seal Exhibit A to the Declaration of Ross M. Good in Support of Plaintiff's Response to Court Order of September 15, 2021 in its entirety; and portions of Defendants' Response to Plaintiffs' Response to Order to Show Cause Why Class Should Not Be Decertified and Exhibit A to the Declaration of Bonnie Lau in support of Defendants' Response. *See* Dkt. Nos. 460, 481. For the reasons below, the Court **GRANTS** Dkt. No. 460 and **DENIES** Dkt. No. 481.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in

understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.     DISCUSSION

Because these documents are related to decertification of the class, which is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the motions to seal. The parties seek to seal subpoena responses from third-party telephone carriers, Dkt. 460, as well as portions of briefing and an expert report excerpting those subpoena responses, Dkt. 481.

The Court finds compelling reason to seal the underlying subpoena responses but not the excerpts. The subpoena responses contain personal identifying information of potential class members, including phone numbers and specific information regarding customers' services. While the remaining information in the subpoena responses does not warrant sealing, the confidential information appears throughout those documents and is inextricably intertwined with less sensitive information so as to make redaction impractical. Moreover, the focus of the Court's

inquiry was the telephone carriers' substantive responses, which are summarized in substance in the Court's order decertifying the class, Dkt. No. 487, as well as the briefing and expert report that is the subject of the second administrative motion to seal, Dkt. No. 481. Thus, the public's interest in disclosure of the underlying documents themselves is minimal when balanced against the privacy interests of potential class members whose personal information is included in the documents.

Conversely, the substantive responses in Defendants' briefing and expert report do not warrant sealing, as the parties did not establish a "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11 (quotation omitted); *see also* Fed. R. Civ. P. 26(c). The only basis Defendants offer is that the excerpts come from underlying documents designated "confidential" by Plaintiffs and third-party telephone carriers. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L.R. 79-5(c). Further, Plaintiffs did not file a declaration establishing that the documents were sealable within seven days of the motion as required under Civil Local Rule 79-5(f)(3). The parties made no attempt to address why generalized statements about telephone carriers' record maintenance and fax services, divorced from customer identifying information, would harm anyone's interests so as to warrant sealing. Further, because the Court relied on these statements in decertifying the class, the statements are important to the public's understanding of the judicial proceedings in this case. *See* Dkt. No. 476.

### III. CONCLUSION

The Court **GRANTS** Dkt. No. 460 and **DENIES** Dkt. No. 481. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: 9/23/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge