ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St., Suite 200
San Francisco, California  94123
Telephone:     415-788-4220
Fax:              415-788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

*Local Counsel for Plaintiffs*

TIFFANY CHEUNG (S.B.N. 211497)
CAMILLE FRAMROZE (S.B.N. 332075)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone:     415-268-7000
Fax:              415-268-7522
TCheung@mofo.com
CFramroze@mofo.com

*Counsel for Defendants*

BRIAN J. WANCA (admitted *pro hac vice*)
GLENN L. HARA (admitted *pro hac vice*)
**ANDERSON + WANCA**
3701 Algonqiun Rd., Suite 500
Rolling Meadows, Illinois  60008
Telephone:     847-368-1500
Fax:              847-368-1501
bwanca@andersonwanca.com
ghara@andersonwanca.com

*Counsel for Plaintiffs*

(Additional counsel appear on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC. and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., individually and as the representatives of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON TECHNOLOGIES INC. and JOHN DOES 1-10,<br><br>Defendants. | No.: 4:13-cv-02219-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         September 23, 2025<br>Time:         2:00 p.m.<br>Judge:       Hon. Haywood S. Gilliam<br>Courtroom: 2 |

Joint Case Management Conference Statement
No.: 4:13-cv-02219-HSG

Pursuant to the Court's Order setting a case management conference for September 23, 2025 (Doc. 561), Plaintiffs, True Health Chiropractic, Inc. and McLaughlin Chiropractic Associates, Inc. ("True Health" and "McLaughlin"), and Defendants, McKesson Corporation. and McKesson Technologies Inc. (together, "Defendants"), hereby submit the following Joint Case Management Statement following the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025).

## 1. Jurisdiction and Service

This action involves alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), which is codified at 47 U.S.C. § 227. This Court has federal question jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). There are no issues regarding personal jurisdiction or service.

## 2. Facts

On August 13, 2019, the Court certified the following class:

> All persons or entities who received faxes from "McKesson" from September 2, 2009, to May 11, 2010, offering "Medisoft," "Lytec," "Practice Partner," or "Revenue Management Advanced" software or "BillFlash Patient Statement Service," where the faxes do not inform the recipient of the right to "opt out" of future faxes, and whose fax numbers are listed in Exhibit A to McKesson's Supplemental Response to Interrogatory Regarding Prior Express Invitation or Permission, but not in Exhibit B or Exhibit C to McKesson's Response to Interrogatory Regarding Prior Express Invitation or Permission.

(Doc. 331, Order Denying Mot. Summ. J. & Granting Renewed Mot. Class Certification at 28).

The Court subsequently split the Class into two subclasses, the "Stand-Alone Fax Machine Class" and the "Online Fax Services Class" based on binding Ninth Circuit authority holding that a district court is required to follow the FCC's interpretation of the TCPA. (Doc. 393). The Court held it was required to follow a declaratory ruling issued by the FCC's Consumer & Governmental Affairs Bureau stating that the TCPA is limited to stand-alone fax machines and does not cover users of "online fax services." (*Id.* (following *In re Amerifactors Fin. Group, LLC Pet. for Expedited*

Joint Case Management Statement
No.: 4:13-cv-02219-HSG                                                              1

1  *Declaratory Ruling*, CG Docket Nos. 02-278, 05-338, 2019 WL 6712128 (CGAB Dec. 9, 2019)
2  ("Amerifactors Ruling")). The Court then entered summary judgment against the Online Fax
3  Services Class, holding they have no cause of action under the binding Amerifactors Ruling. (Doc.
4  418). The Court then decertified the Stand-Alone Fax Machine Class, finding Plaintiffs' methods
5  failed to adequately separate stand-alone users from online fax service users. (Doc. 487).

6      After a bench trial on Plaintiffs' individual claims, the Court entered individual judgment for
7  True Health ($500 for one fax) and McLaughlin ($6,000 for 12 faxes). (Doc. 536). The Court
8  concluded that neither the End-User License Agreement nor providing a fax number at product
9  registration constitutes "prior express invitation or permission" to send fax ads. (*Id.*) The Court
10 denied Plaintiffs' request of an award of treble damages, finding McKesson did not "willfully or
11 knowingly" violate the TCPA. (*Id.*) Both parties appealed.

12     The Ninth Circuit affirmed in all respects. *True Health Chiropractic, Inc. v. McKesson Corp.*,
13 No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023). The Ninth Circuit ruled (1) that this Court
14 correctly found it was required to follow the Amerifactors Ruling; (2) that neither the EULA nor
15 product registration constituted "prior express invitation or permission" to send fax ads; and (3) that
16 McKesson did not "willfully or knowingly" violate the TCPA. *Id.*

17     Plaintiffs petitioned the Supreme Court for review on the issue of whether a district court is
18 required to follow the FCC's interpretation of the TCPA, and the Supreme Court reversed, holding
19 the Amerifactors Ruling is not binding on a district court, and that a district court should interpret
20 the TCPA "under ordinary principles of statutory interpretation, affording appropriate respect to the
21 agency's interpretation." *McLaughlin*, 606 U.S. at 152.

22 **3.  Legal Issues**

23     Following the Supreme Court's ruling, there are two legal issues to be decided: (1) whether
24 faxes sent to online fax services are covered by the TCPA; and (2) whether the Court's finding
25 regarding "prior express invitation or permission" applies to the entire proposed class.

26     The parties agree that the Court should set a briefing schedule for Plaintiffs to file a Second
27 Renewed Motion for Class Certification. A briefing schedule is proposed in Section 17, below.

28 **4.  Motions**

Joint Case Management Statement
No.: 4:13-cv-02219-HSG                                                                                                   2

Plaintiffs intend to file a Second Renewed Motion for Class Certification pursuant to the Supreme Court's opinion. If class certification is granted, Plaintiffs intend to seek summary judgment on behalf of the Exhibit A Class.

**5.   Amendment of Pleadings**

The parties do not anticipate seeking leave to amend the pleadings at this time.

**6.   Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.   Disclosures**

The parties have made their initial disclosures under Rule 26.

**8.   Discovery**

The parties engaged in discovery from 2013–2015. Neither party anticipates further discovery at this time.

**9.   Class Actions**

Following the Supreme Court's decision reversing the Ninth Circuit's affirmance of this Court's orders bifurcating the Class (Doc. 393), entering summary judgment against the Online Fax Services Class (Doc. 418), and decertifying the Stand-Alone Fax Machine Class (Doc. 487), the parties propose that the Court enter a briefing schedule for Plaintiffs to file a Second Renewed Motion for Class Certification. A briefing schedule is proposed in Section 17.

**10.   Related Cases**

There are no related cases proceeding before another judge of this Court or before another Court.

**11.   Relief**

Plaintiffs seek statutory damages of $500 on behalf of each member of the putative class for each violation of the TCPA. 47 U.S.C. § 227(b)(3). Defendants deny that Plaintiffs are entitled to the relief requested.

**12.   Settlement and ADR**

Joint Case Management Statement
No.: 4:13-cv-02219-HSG                                                                                             3

The parties participated in a private mediation with Hon. William J. Cahill (Ret.) on May 27, 2014, which was unsuccessful. The parties participated in a private mediation with Hon. Edward A. Infante (Ret.) in September 2020, which was unsuccessful. The parties are currently discussing whether to attempt another private mediation, but they do not request that the Court stay the briefing on Plaintiffs' Second Renewed Motion for Class Certification.

**13.    Consent to Magistrate Judge for All Purposes**

All parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References**

The parties agree the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties believe a Court ruling on the "online fax services" question in deciding Plaintiffs' Second Renewed Motion for Class Certification will narrow the issues.

**16.    Expedited Trial Procedures**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedures of General Order No. 64 Attachment A.

**17.    Scheduling**

The parties propose the following schedule:

| | |
|---|---|
| Plaintiffs' Second Renewed Motion for Class Certification | October 24, 2025 |
| Defendant's Opposition to Plaintiffs' Second Renewed Motion for Class Certification | December 5, 2025 |
| Plaintiffs' Reply in Support of Second Renewed Motion for Class Certification | January 9, 2026 |

| Dispositive Motions | The parties request that the Court schedule a deadline for dispositive motions upon resolution of Plaintiffs' Second Renewed Motion for Class Certification. |
|---|---|
| Pre-Trial Conference | The parties request that the Court schedule a date for Pre-Trial Conference, if necessary, upon resolution of dispositive motions. |
| Trial | The parties request that the Court schedule a date for Trial, if necessary, upon resolution of dispositive motions. |

**18.   Trial**

McKesson has demanded a trial by jury. McKesson proposes that the Court set a further Case Management Conference regarding the remaining case schedule after it rules on Plaintiffs' Renewed Motion for Class Certification. Plaintiffs contend that there is nothing remaining for a jury to decide, and the only determinations for the Court to make are (1) whether to certify a class; and (2) whether the Court's entry of judgment on McKesson's consent defenses as to the individual Plaintiffs is res judicata as to the class.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Each party has filed a Certification of Interested Entities or Persons. Neither party is aware of any persons, firms, partnerships, corporations, or other entities known to have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 16, 2025         By:   /s/ Glenn L. Hara
                                        GLENN L. HARA (admitted *pro hac vice*)
                                        BRIAN J. WANCA (admitted *pro hac vice*)
                                        **ANDERSON + WANCA**

|   |   |
|---|---|
| 1 | 3701 Algonquin Road, Suite 500 |
| 2 | Rolling Meadows, IL  60008 |
|   | Telephone:     847-368-1500 |
| 3 | Fax:           847-368-1501 |
|   | ghara@andersonwanca.com |
| 4 | bwanca@andersonwanca.com |

3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:     847-368-1500
Fax:           847-368-1501
ghara@andersonwanca.com
bwanca@andersonwanca.com


ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St., Suite 200
San Francisco, CA  94123
Telephone:     415-788-4220
Fax:           415-788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

GEORGE D. JONSON (admitted *pro hac vice*)
**MONTGOMERY, RENNIE & JONSON**
36 East Seventh Street, Suite 2100
Cincinnati, OH  45202
Telephone:     513-241-4722
Fax:           513-241-8775
gjonson@mrjlaw.com

*Counsel for Plaintiffs*

Dated: September 16, 2025          By:     s/ Tiffany Cheung
                                           Tiffany Cheung
                                           Camille Framroze
                                           **MORRISON & FOERSTER LLP**
                                           425 Market Street
                                           San Francisco, CA  94105-2482
                                           Telephone:     415-268-7000
                                           Fax:           415-268-7522
                                           TCheung@mofo.com
                                           CFramroze@mofo.com

*Counsel for Defendants*

Joint Case Management Statement
No.: 4:13-cv-02219-HSG                                                               6

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), I, Glenn L. Hara, hereby attest that concurrence in the filing of the document has been obtained from each of the signatories.

Dated: September 16, 2025         **ANDERSON + WANCA**

                                  By:    /s/ Glenn L. Hara