# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TRUE HEALTH CHIROPRACTIC, INC. and MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC., Individually and as the Representatives of a Class of Similarly-Situated Persons,<br><br>    Plaintiffs,<br><br>v.<br><br>MCKESSON CORPORATION, MCKESSON TECHNOLOGIES INC. and JOHN DOES 1- 10,<br><br>    Defendants. | Case No. 4:13-cv-02219-HSG<br><br>**ORDER**<br><br>Hon. Haywood S. Gilliam, Jr. |

## ORDER CONFIRMING FINAL DISPOSITION  OF ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT

The Court, having considered the parties' joint request for entry of an order confirming final disposition of this action, and good cause appearing, orders as follows:

1.    On April 27, 2022, the Court entered its Findings of Fact and Conclusions of Law and Judgment, which concluded that Defendants sent one unsolicited facsimile advertisement to Plaintiff True Health and twelve unsolicited facsimile advertisements to Plaintiff McLaughlin but did not violate the TCPA willfully or knowingly in either case. ECF Nos. 536, 537. On April 27, 2022, the Court entered judgment consistent with its Findings of Fact and Conclusions of Law. ECF No. 537.

2.      On May 22, 2026, following remand from the Supreme Court and the Ninth Circuit, the Court entered its Order Denying Second Renewed Motion for Class Certification. ECF No. 589.

3.      The Court enters this Order to confirm that, following entry of the May 22, 2026 Order, there are no claims, counterclaims, crossclaims, third-party claims, requests for relief, issues concerning class certification, or other merits issues remaining for this Court to adjudicate in this action.

4.      The Court further confirms that its prior orders, including the April 27, 2022 Findings of Fact and Conclusions of Law, the April 27, 2022 Judgment, and the May 22, 2026 Order Denying Second Renewed Motion for Class Certification, collectively dispose of the entire action as to all parties.

5.      For the avoidance of doubt, this Order constitutes the final disposition of this action. The Court determines that this action is fully and finally resolved, that nothing remains to be adjudicated, and that this Order and the accompanying final judgment are final and appealable under 28 U.S.C. § 1291.

6.      The Clerk is directed to enter final judgment, consistent with this order and to close the case.

IT IS SO ORDERED.

Dated: 7/1/2026

Hon. Haywood S. Gilliam, Jr.

United States District Judge